**HIRSCH et al. v. CUMMINGS, U. S. Atty. Gen., et al.***

No. 7121.

United States Court of Appeals for the District of Columbia.

Decided Jan. 30, 1939.

Dean Hill Stanley, of Washington, D. C., and Otto C. Sommerich, of New York City, for appellants.

Sam E. Whitaker, Asst. Atty. Gen., and Harry LeRoy Jones and Fred Esch, of Washington, D. C., for appellees.

Before STEPHENS, MILLER, and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Plaintiffs, "alien enemies" during the World War, seek by bill in equity, filed in 1931, to recover under the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., certain property seized by the Alien Property Custodian during the war. The District Court sustained a motion to dismiss the bill on the ground, among others, that recovery is barred by Public Resolution No. 53, adopted June 27, 1934, 48 Stat. 1267. That resolution provides that so long as Germany is in arrears in

respect of certain obligations mentioned, all deliveries of money or property authorized to be made under the Trading with the Enemy Act as amended, or the Settlement of War Claims Act of 1928, 45 Stat. 254, as amended, "whether or not a judgment or decree has been entered with respect thereto, shall be postponed * * *." We think the District Court was right.

The case is governed by Cummings, Attorney General, v. Deutsche Bank und Discontogesellschaft, 300 U.S. 115, 57 S. Ct. 359, 81 L.Ed. 545. There the bank had filed its claim with the custodian in 1933, and the custodian had determined that the bank was entitled to the return of the demanded property. Delivery was delayed by an attachment suit, but the attachment was dissolved and the bank demanded the property before the passage of Public Resolution No. 53. After the passage of that resolution, the bank filed its bill for a decree directing the return of the property. The trial court dismissed the bill for lack of jurisdiction. We reversed that decree. We held that Congress had not withdrawn the consent of the United States to be sued, and that rights had vested in the bank, under earlier legislation, of which it could not be deprived without violation of the Fifth Amendment. Deutsche Bank und Disconto-Gesellschaft v. Cummings, 65 App.D.C. 297, 83 F.2d 554. Our judgment was reversed by the Supreme Court. The Court held that Public Resolution No. 53 did not withdraw consent to be sued, but that the original grant to alien enemies of a right to recover seized property "was made as a matter of grace and so was subject to withdrawal by Congress." 300 U. S. 115, 124, 57 S.Ct. 359, 363, 81 L.Ed. 545. The upshot was that the trial court should not have dismissed the complaint for lack of jurisdiction, but should have dismissed it because Congress had suspended the right of the plaintiff, an alien enemy, to recover.

The situation here is essentially the same. Appellants seek to distinguish it by contending that their claim is for property illegally seized. But the bill in the Deutsche Bank case charged that, before the passage of Resolution 53, the custodian had "arbitrarily and capriciously and without warrant of law" refused to return the property. That case, like the present one, was decided on motion to dismiss. The Court did not even mention the asserted

*Writ of certiorari denied Hirsch v. Murphy, 59 S.Ct. 1038, 83 L.Ed. —.

lawlessness of the custodian's conduct prior to the passage of the resolution; obviously because the resolution was valid and its broad terms deprived such prior lawlessness of importance. We do not see that a claim based, as the appellants here contend theirs is based, on a lawless taking can stand on higher ground than one based on a lawless withholding. Of the dicta in Stoehr v. Wallace, 255 U.S. 239, 41 S. Ct. 293, 65 L.Ed. 604, and the decision in Becker Steel Co. v. Cummings, 296 U.S. 74, 56 S.Ct. 15, 80 L.Ed. 54, which appellants cite, it is enough to say that they antedate the Deutsche Bank case.

Affirmed.