**REILLY et al. v. MILLIS et al.**
No. 21291.

District Court of the United States
for the District of Columbia.

Oct. 4, 1943.

Robert E. Lynch, Nicholas J. Chase, and John J. Donnelly, Jr., all of Washington, D. C., and R. A. Bullinger, of Chicago, Ill., for plaintiffs.

Robert B. Watts, Gen. Counsel, Malcolm F. Halliday, Asst. Gen. Counsel, and Albert P. Wheatley, all of Washington, D. C., and Wm. A. Babcock, Jr., of Seattle, Wash., for defendants.

EICHER, Chief Justice.

Plaintiffs, residents of the State of Illinois, are protection force employees of the City National Bank & Trust Company of Chicago. Defendants are members of the National Labor Relations Board, appointed by the President of the United States, by and with the consent of the Senate, pursuant to authority of the National Labor Relations Act, 49 Stat. 449, 29 U.C.S.A. § 151 et seq.

A petition having been filed requesting an investigation and certification of representatives pursuant to Section 9(c) of the National Labor Relations Act, the Board directed an investigation and provided for an appropriate hearing. A hearing was held and thereafter the Board directed an election to be conducted, which was held on July 10, 1943. Objections were filed thereto which were overruled by the Board July 19, 1943, and on July 26, 1943, the Board certified the Protective Service Employees' Union as the exclusive representative of all protection force employees of the Bank and the Safe Deposit Companies for purposes of collective bargaining.

Plaintiffs have asked the Court to issue a preliminary injunction enjoining defendants, pendente lite, from permitting the decision and direction of election issued by the Board June 15, 1943, and the supplemental decision and certification of representatives issued by the Board July 26, 1943, to remain on the records of the Board and requiring defendants to vacate and set same aside pendente lite.

Defendants have moved to dismiss, founding their motion on seven separate grounds.

■■■■ The Act provides that an appeal may be had to Circuit Court of Appeals only after the making of a final order by the Board (American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347), but certification by the Board of the collective bargaining representative does not constitute a final order within the meaning of the Act. This Court, however, has jurisdiction to grant the relief sought by plaintiffs (American Federation of Labor v. National Labor Relations Board, 70 App. D.C. 62, 103 F.2d 933) providing an affirmative showing has been made that the Board has acted arbitrarily or capriciously in the ordering or conducting of the election. On the other hand Federal Courts have no power under the Act to determine what is the appropriate and lawfully selected collective bargaining unit for employees. Fur Workers Union v. Fur Workers Union, Local 72, 70 App.D.C. 1-22, 105 F.2d 1, affirmed 308 U.S. 522, 60 S.Ct. 292, 84 L.Ed. 443 (without opinion). Furthermore the Board has exclusive jurisdiction in determining which employees shall be taken into account in determining who shall be given the right to vote in an election for a collective bargaining representative. International Ass'n of Machinists, etc., v. National Labor Relations Board, 71 App.D.C. 175, 110 F.2d 29, affirmed 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50.

■■■ Plaintiffs contend that the Board acted arbitrarily or capriciously in grouping the Bank protection force employees with those of the Safe Deposit Company. The record discloses, however, that the Board had full and sufficient evidence to support its decision that the Bank and Safe Deposit Companies should be considered a single unit for the purposes of election, and no evidence has been adduced to support plaintiffs' contention that this action on the part of the Board was arbitrary or capricious. As to the question of whether or not the City National Bank & Trust Company of Chicago is engaged in "commerce" within the meaning of the Act, this Court feels that the Board had supporting evidence to sustain its decision in this regard. National Labor Relations Board v. Bank of America, etc., 9 Cir., 130 F.2d 624, certiorari denied 63 S.Ct. 992, 87 L.Ed. ——.

For the above reasons the motion of plaintiffs for a preliminary injunction will be denied and motion of defendants to dismiss will be granted. Counsel will present appropriate orders.