218 F.2d 542
 Gerald A. BROWN, Regional Director of the Twentieth Region
of the National Labor Relations Board, for and on
behalf of the NATIONAL LABOR RELATIONS
BOARD, Appellant,
v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY, a corporation, and
Bell Telephone Company of Nevada, a corporation, Appellees.
 No. 14475.
 United States Court of Appeals, Ninth Circuit.
 Dec. 30, 1954.
As Amended on Denial of Rehearing Jan. 27, 1955.
 
 George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Winthrop A. Johns, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., Louis S. Penfield, Chief Law Officer, N.L.R.B., San Francisco, Cal., Walter N. Moldawer, Atty., N.L.R.B., Washington D.C., for appellant.
 Pillsbury, Madison & Sutro, Charles F. Prael, Nathan R. Berke, Jay A. Darwin, San Francisco, Cal., for appellees.
 Before DENMAN, Chief Jduge, and BONE and POPE, Circuit Judges.
 DENMAN, Chief Judge.
 
 
 1
 The Board appeals from a judgment denying its petition for a temporary restraining order, sought under Section 10(j) of the National Labor Relations Act, as amended 29 U.S.C.A. § 160(j), hereafter the Act, pending the final disposition of a case pending before the Board, in which it is considering whether certain designated units of appellees' employees are still appropriate units for union organization.
 
 
 2
 In the pending case the complaint charged the employers with a violation of the Act in entering into, on April 27, 1953, an agreement with the Communications Workers of America, C.I.O., hereafter CWA, a union composed of a majority of the telephone plant workers in the Northern California-Nevada area of the appellees' area not designated by the Board as an appropriate unit of union organization. They also refused and are still refusing to bargain with each of three units of the Order of Repeatermen and Toll Testboardmen, hereafter ORTT,-- namely, the union of the Washington-Idaho area, the Oregon area and the California-Nevada area, heretofore designated by the Board as the proper units to deal with the employers.
 
 
 3
 It is obvious that if the Board's order designating these units is still valid, appellees have violated the order and that the district court erred in denying the injunction and holding it is 'unable to find that there is reasonable cause to believe that a violation of the Act has occurred and for that reason the application for an injunction is denied and the petition is dismissed.' This decision in effect holds that the Board's as yet untried complaint in the instant case does not state a cause of action in its charge that the employers refused to deal with the units of ORTT. This although the Act provides that the determination of a charge of violation of the Act is for the Board itself to decide.
 
 
 4
 It is contended that the lapse of time since the Board designated the units warrants the employer to disregard the designations. The date o f the last Board certificate of the ORTT California-Nevada unit was on April 27, 1940. That for the Washington Unit, November 23, 1944, and for the Oregon unit September 27, 1949. Thus the latest designation of any of these units was over four years before the contract with CWA and the refusal to bargain with ORTT. At the hearing the Board stated, and it was not controverted, that in the instant case now before it several thousand pages of testimony have been taken and it may not be decided for some months and to this may be added the time consumed in its enforcement application to this court and the likely certiorari proceedings to follow.
 
 
 5
 Two of the functions of the board regarding certifications are, first, that a garding certifications are, first, that a an appropriate unit and, second, that a majority in the unit desire it to be its bargaining agent. In respect to the appropriateness of the unit, 29 U.S.C.A. § 159(b) and (c)(5) provide:
 
 
 6
 'The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof * * *
 
 
 7
 '(c)(5) In determining whether a unit is appropriate for the purposes specified in subsection (b) of this section the extent to which the employees have organized shall not be controlling.'
 
 
 8
 The Board has nowhere held as to the unit established by it that a lapse of time warrants the employers to disregard it. In this the Board's designation of the unit differs from its determination of the majority control of a union. As to the latter, the Board in Celanese Corp. v. United States, 95 N.L.R.B. 664, at page 672 stated that after the lapse of a year's time the presumption as to the majority control is rebuttable, and the employer may bargain with another union if 'in good faith' he doubts the majority control of the designated union. Of this the Supreme Court said in the last sentence of Brooks v. N.L.R.B., decided December 6, 1954, 'Furthermore, the Board has ruled that one year after certification the employer can ask for an election or, if he has fair doubts about the union's continuing majority, he may refuse to bargain further with it. This, too, is a matter appropriately determined by the Board's administrative authority.' (Emphasis added.)
 
 
 9
 Nowhere has the Board exercised such administrative authority with respect to its designated units, a much more involved and complicated matter, here, inter alia, technological changes in telephonic instruments, than the determining of the mere number constituting a majority control of a union. The very fact that in the instant proceeding the Board contends that the employers are not entitled to recognize any but the designated units, indicates that the Board considers the mere lapse of time and good faith of the employers in feeling a doubt as to the present validity of designations does not warrant their dealing with another union.
 
 
 10
 The employers further contend that the granting or denial of such injunctive relief is within the discretion of the district court and cites our opinion in Bankers' Utilities Co. v. National Bank Supply Co., 9 Cir., 53 F.2d 432, at page 433, which states: 'By an application for a temporary injunction, the discretion of the court is appealed to, and, unless the showing presented on undisputed facts is such as to entitle the moving party as a matter of law to the writ sought, the decision of the trial judge may not be disturbed. That rule needs no citation of authorities to support it.'
 
 
 11
 In view of the irreparable harm which the designated unions may suffer by the drifting away of their members to the union favored by the employers, we think the law entitles the Board to the injunctive relief sought. Cf. Le Baron v. Los Angeles Building & Const. Trades Council, D.C., 84 F.Supp. 629, 636, affirmed 9 Cir., 185 F.2d 405.
 
 
 12
 The judgment is reversed and the district court ordered to grant the relief sought by the Board in paragraphs (a), (b), (c) and (d), of its prayer for relief.
 
 
 13
 POPE, Circuit Judge (concurring).
 
 
 14
 I concur in Judge DENMAN'S opinion, but I wish to add an observation respecting the contention that although the district court did not base its decision upon that ground, yet its denial of the temporary injunction may be sustained upon the ground that such denial was within the discretion of that court. At the conclusion of the oral argument I was inclined to take that view. The employer contends that the wording of the March 17 order of the board refusing to authorize a consolidation of the three ORTT units was calculated to create the impression that the board no longer recognized these as appropriate units for bargaining. So the Company says that while that order was still outstanding and before any attempt was made to amend it, it acted in good faith and in reliance thereon. It says that this circumstance plus the fact that it has agreed that it would take no further steps to alter the status existing on May 11, the date the complaint was filed before the board, warranted the court's exercise of its discretion in the denial of the requested injunction.
 
 
 15
 However valid this contention might be were we dealing here with private rights in private litigation, I think that since this injunction is sought for the protection of the public interest and in aid of a policy which Congress itself has made plain, the area for the exercise of the traditional discretion not to grant an injunction is much more limited. As stated with respect to a somewhat comparable situation in Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 592, 88 L.Ed. 754: 'For the standards of the public interest not the requirements of private litigation measure the propriety and need for injunctive relief in these cases.' Cf. Virginian Ry. Co. v. System Federation, 300 U.S. 515, 552, 57 S.Ct. 592, 81 L.Ed. 789. I think that a fair reading of the March 17 order does not support a view that the board was withdrawing its certification of the separate ORTT units.
 
 
 16
 The general congressional policy to make the board the sole judge of what constitutes an appropriate unit and the apparent purpose of the Act to see to it that the rights of labor unions certified by the board should not be lost or frittered away through the action of persons violating the Act means, I think, that a denial of the injunction here was not warranted.