**LOCAL 1357, RETAIL CLERKS INTERNATIONAL ASSOCIATION**

v.

**FOOD FAIR STORES, INC.**

Civ. A. No. 28888.

United States District Court
E. D. Pennsylvania.
May 3, 1961.

John E. Walsh, Jr., Philadelphia, Pa., for plaintiff.

Joseph L. McGlynn, Jr., Philadelphia, Pa., for defendant.

GANEY, Chief Judge.

Plaintiff brought this action pursuant to § 301(a) of the Labor Management Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. § 185(a), to compel defendant to arbitrate a complaint or grievance under the existing collective bargaining agreement between the parties. After defendant filed an answer to the complaint, plaintiff moved for summary judgment.

Plaintiff and defendant have engaged in collective bargaining under written agreements since December of 1939. At that time defendant "recognized" plaintiff as the exclusive bargaining representative for its employees [1] in all of its markets and stores in the Greater Philadelphia area. As additional markets and stores were opened by defendant within that geographical area, the employees of these markets and stores were given the protection of the existing collective bargaining agreement without the execution of supplemental agreements by the parties.

On November 25, 1959, plaintiff and defendant executed the current Agreement. This Agreement, effective from August 3, 1959, to June 2, 1962, contains the following provisions:

"ARTICLE II

"Recognition

"Employer recognizes Union as the exclusive representative of all employees except meat, delicatessen, sea food employees, store managers*, and supervisors, in all markets and stores located in the territories set forth in Schedule A attached hereto and made a part hereof.

"*Excluding Asco Service Store Managers.

"ARTICLE III

"Jurisdiction

"All work and services connected with or incidental to the handling or selling of merchandise offered for sale to the public in the Employer's retail establishments covered by this Agreement shall be performed only by employees within the unit referred to above, for which the Union is recognized as the collective bargaining agency by the Employer."

On or about November 11, 1959, defendant entered into a management agreement with Bargain City, Norristown, Inc. Article 3 of that agreement provides that the defendant is charged with the sole and exclusive " * * * Supervision of the operation of every food department located in the supermarket of the Store Premises including supervision of all duties and bookkeeping and training of such supermarket personnel as Operator shall request." As a result of this agreement, defendant has undertaken the hiring, supervising and the establishing of wages of employees in the food department known as Food City, in The Bargain City, U.S.A., Horsham, Pennsylvania, store.

On November 2, 1960, Local 1034, Retail, Wholesale and Department Store Unions, AFL–CIO, filed a petition with The National Labor Relations Board requesting that body to conduct an election among all the employees in the Bargain City Store in Horsham to determine who shall be their collective bargaining representative. Plaintiff, through the Retail Clerks International Association, intervened in the proceeding before the Board. In that proceeding the Associa-

[1]. These employees are in an industry affecting commerce within the meaning of the Labor Management Relations Act.

tion urged that its Agreement with the defendant barred an election in the Food City department. On November 7, 1960, plaintiff requested defendant to recognize it as the bargaining agent of the employees in Food City. The defendant made no response to this request. On November 14, 1960, plaintiff asked defendant to submit to arbitration the question of whether the Food City employees were or were not covered by the Agreement. Defendant remained silent, thus refusing to arbitrate the question. On November 25, 1960, plaintiff brought the action here involved to compel defendant to proceed to arbitrate the grievance existing between the parties pursuant to the terms of the Agreement. The Board has not completed action on the petition filed by Local 1034.

Clearly the matter in dispute is governed by Articles II and III of the Agreement. However, it does not follow that the matter should be resolved through the procedure set forth in the Agreement. For those articles concern matters which are within the jurisdiction of The National Labor Relations Board. See In re American Busline, Inc., 151 F. Supp. 877, 883–885 (D.C.Neb.1957). Such matters cannot be ultimately decided through the grievance resolving procedure of collective bargaining agreement where the rights of third persons, not parties to the agreement, are involved. Therefore, the relief requested by plaintiff cannot be granted by this court. United Textile Workers of America, AFL–CIO v. Textile Workers Union of America, 258 F.2d 743 (C.A. 7, 1958), does not require a different conclusion. In that case there existed a "no-raiding" provision in an agreement to which the rival party unions were signatories. In the action before us, there is no contractual relationship between the plaintiff and the competing union, and the latter is not a party to the action.

Accordingly, the plaintiff's motion for summary judgment will be denied, and its complaint will be dismissed.