**INTERNATIONAL CHEMICAL WORKERS UNION, LOCAL #6, Plaintiff,**

v.

**OLIN MATHIESON CHEMICAL CORPORATION, Defendant.**

**No. 2980.**

United States District Court
S. D. Illinois, S. D.

Feb. 7, 1962.

Merle C. Bassett, of Cox, Smith & Bassett, Wood River, Ill., for plaintiff.

William M. Howard, of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., and Russell R. Casteel, E. Alton, Ill., for defendant.

POOS, District Judge.

This is an action by International Chemical Workers Union, Local #6, Plaintiff, against Olin Mathieson Chemical Corporation, Defendant, for breach of a collective bargaining agreement. Defendant filed its answer, and thereafter, filed a motion for summary judgment pursuant to Rule 56, Fed.Rules of Civ.Proc. (28 U.S.C.). Attached to said motion was an affidavit, together with certified copies of two decisions of the National Labor Relations Board. Plaintiff then filed a "Motion In Opposition To Defendant's Motion For Summary Judgment" and submitted a copy of another order of the National Labor Relations Board.

Oral argument on the motion was conducted before this Court on January 4, 1962. For the purposes of decision on

this motion, the Court finds the following facts based on the pleadings and affidavits heretofore submitted:

## FINDINGS OF FACT

1. Plaintiff has been certified by the National Labor Relations Board as the exclusive bargaining agent for certain persons employed by Defendant.

2. District No. 9, International Association of Machinists (not a party to this action), has been certified by the National Labor Relations Board as the exclusive bargaining agent of certain other persons employed by Defendant.

3. On January 25, 1961, Defendant commenced to perform certain "pyrotechnic" work in the Detonator Department of its manufacturing plant at East Alton, Illinois.

4. Employees who were represented by District No. 9, International Association of Machinists, were assigned by Defendant to perform said work.

5. Pursuant to the provisions of the collective bargaining agreement between Plaintiff and Defendant dated December 1, 1958, Plaintiff filed a written grievance with Defendant alleging, *inter alia,* that Defendant was required to assign employees represented by Plaintiff to perform this "pyrotechnic" work.

6. The collective bargaining agreement (hereinafter called "The Agreement") entered into between Plaintiff and Defendant dated December 1, 1958 defines a grievance as follows (Part B, page 12):

"Section 1. A grievance is any dispute or difference of opinion between the Company and an Employee regarding the application and interpretation of this Agreement."

Part C of The Agreement provides, *inter alia,* that grievances that cannot be resolved by agreement between the parties shall be submitted to an arbitrator for a binding decision to be rendered thereon.

7. Defendant refused to assign employees who were members of Plaintiff to do the said pyrotechnic work and further advised Plaintiff that it was not willing to process the matter as a grievance, because it did not involve either application or interpretation of The Agreement. Pursuant to Part C of said The Agreement, Plaintiff requested the Defendant to arbitrate the matter, but Defendant refused to submit the said matter to arbitration.

8. The matter which the Plaintiff sought to arbitrate was the question of whether, by failing to assign employees represented by Plaintiff to do the said "pyrotechnic" work, Defendant breached an agreement containing the following provision:

"3. As to new operations at the East Alton plant, the Company shall recognize the International Chemical Workers' Union, Local #6, as bargaining representative for Employees engaged in the manufacture of explosives or other chemicals, in research work in those fields and in other related chemical processing operations."

9. On June 21, 1961 (after the Complaint herein was filed) Defendant filed a motion to clarify the certification of District No. 9, International Association of Machinists, in Case No. R–4688 before the National Labor Relations Board. Therein, Defendant requested a decision that employees engaged in the production of the said "pyrotechnics" were properly included within the collective bargaining unit for which the said District No. 9, International Association of Machinists, was certified. At the date of the hearing on the Motion For Summary Judgment herein, the National Labor Relations Board assumed jurisdiction, but had not yet rendered the final decision on Defendant's motion to clarify the certification.

## DISCUSSION

The sole issue before the Court on this Motion is the validity and enforceability of the provision of the agreement between Plaintiff and Defendant set out in paragraph 8 above. As construed by Plaintiff, such provision would constitute an agreement to recognize a labor organ-

ization as a collective bargaining representative of employees who will be performing work in an operation that is not commenced at the time of execution of the agreement or to which employees have not been assigned. Defendant contends that such a provision is unenforceable. The basis for Defendant's contention is that such an agreement invades the exclusive jurisdiction of the National Labor Relations Board to determine the unit appropriate for collective bargaining purposes.

The National Labor Relations Act, as amended, provides, in part, as follows (29 U.S.C.A. § 159):

"(a) Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment * * *."

The Act further grants the Board the following jurisdiction (29 U.S.C.A. § 159):

"(b) The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this Act, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof * * *."

It has been universally held that the jurisdiction of the National Labor Relations Board to determine the unit appropriate for collective bargaining purposes and settle questions of representation is exclusive. United States District Courts have no jurisdiction to settle questions of employee representation, nor do they, under ordinary circumstances, have the power to issue orders which would either directly of collaterally review the appropriateness of bargaining

unit determinations made by the National Labor Relations Board. May Department Stores v. N. L. R. B., 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145 (1945); Pittsburgh Plate Glass Company v. N. L. R. B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251 (1941); San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Reilly v. Millis, 52 F.Supp. 172 (D.C.D.C. 1943) aff. 79 U.S.App.D.C. 171, 144 F.2d 259 (1944), cert. den. 325 U.S. 879, 65 S.Ct. 1566, 89 L.Ed. 1995 (1945); Brown v. Pacific Telephone & Telegraph Company, 218 F.2d 542 (9th Cir., 1954); California Association of Employers v. Building and Construction Trades Council, 178 F.2d 175 (9th Cir., 1949); Fur Workers' Union, Local #72 v. Fur Workers' Union, No. 21238, 70 App.D.C. 122, 105 F.2d 1 (D.C.Cir., 1939) aff. 308 U.S. 522, 60 S.Ct. 78, 84 L.Ed. 453 (1939); Linde Air Products Co. v. Johnson, 77 F.Supp. 656 (D.Minn.1948); United Office and Professional Workers of America v. Smiley, 77 F.Supp. 659 (M.D.Pa. 1948); and Donnelly Garment Company v. International Ladies Garment Workers' Union, 23 F.Supp. 998 (W.D.Mo. 1938).

It has also been held that this exclusive jurisdiction which is vested in the National Labor Relations Board cannot be ousted or impaired by agreement between the parties as to what constitutes an appropriate bargaining unit, nor can it be ousted by agreement as to the use of a different method for determining the appropriateness of a bargaining unit. Lund v. Woodenware Workers Union, 19 F.Supp. 607 (D.Minn.1937); N. L. R. B. v. Deutsch Company, 265 F.2d 473 (9th Cir., 1959); International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers v. International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, 106 F.2d 871 (9th Cir., 1939); Brown v. Roofers and Waterproofers Union, Local No. 40, 86 F.Supp. 50 (N.D.Calif.1949); Wilson Employees Representation Plan v. Wilson & Company, 53 F.Supp. 23 (S.D.Calif.1943) and N. L. R. B. v. Star

Publishing Company, 97 F.2d 465 (9th Cir., 1938).

Two cases have been cited which are particularly applicable to the question presently before the Court. In Local 1357, Retail Clerks International Association v. Food Fair Stores, Inc., 202 F.Supp. 322 (E.D.Pa.1961—), the plaintiff requested defendant to arbitrate a question of the coverage of a collective bargaining contract as to a certain group of employees. Defendant refused the request to arbitrate and an action was instituted seeking to compel defendant to submit the issue to arbitration. In refusing to compel the defendant to submit the matter to arbitration, the court stated as follows (42 L.C. at p. 24,465):

"For those articles concern matters which are within the jurisdiction of The National Labor Relations Board. See In re American Busline, Inc., 151 F.Supp. 877, 883–885 [32 L.C. ¶ 70,772]. (D.C.Neb. 1957). Such matters cannot be ultimately decided through grievance resolving proceduring of a collective bargaining agreement where the rights of third persons, not parties to the agreement, are involved. Therefore, the relief requested by plaintiff cannot be granted by this Court."

The second case that is particularly applicable to the case at bar is Portland Web Pressmen's Union, Local No. 17 v. Oregonian Publishing Company, 286 F.2d 4 (9th Cir., 1960) cert. denied 366 U.S. 912, 81 S.Ct. 1086, 6 L.Ed.2d 237 (1961). Therein, the plaintiff instituted an action to compel defendant to submit to arbitration the issue of the union's right to act as bargaining agent for certain employees of defendant during a certain period of time. In refusing to compel arbitration, the court stated as follows (l. c. 9 of 286 F.2d):

"Whether the Pressmen represented the employees of the Publishers and whether the Pressmen was the proper bargaining agent for the Publishers to deal with in negotiating a new contract, are questions that the N.L.R.B. can properly determine. In fact, the parties could not by private agreement take away from the Board the right to make those determinations."

The Board distinguished the rationale of the case of United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) and then stated as follows (l. c. 10 of 286 F.2d):

"Settlement of this dispute can only be had by resort to the N.L.R.B. To hold otherwise would be to hold that by a collective bargaining contract the parties are able to take disputes that Congress has consigned to the exclusive jurisdiction of the N.L.R.B. out of the hands of the N.L.R.B. and put them in the hands of a private arbitrator."

If the issue in question here were submitted to arbitration as desired by the Plaintiff, it is possible that the arbitrator could render the decision that the provision in question requires that employees represented by the Plaintiff perform the "pyrotechnic" work in question. It is also possible that the National Labor Relations Board could ultimately enter its order determining that employees performing the "pyrotechnic" work in question are properly included within the bargaining unit represented by District No. 9, International Association of Machinists. If that situation were to prevail, it would be tantamount to judicially allowing Plaintiff and Defendant, by contract, to withdraw from the National Labor Relations Board the exclusive jurisdiction granted to it by statute while at the same time destroying vested statutory rights of the District No. 9, International Association of Machinists and employees of Defendant who were not parties to said contract.

■■ In this action, the only issue presented to this Court is whether or not it should compel arbitration of the question of whether Defendant violated the provision referred to in paragraph 8 above, by refusing to assign employees who are members of Plaintiff to do the

said "pyrotechnic" work. However, the Court must still look to the *ultimate* relief that could be sought in this matter. In the proper case, after this Court would order arbitration, it would retain jurisdiction so as to enable it to use its equitable powers to specifically enforce the final arbitration award. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). As stated previously, if Plaintiff should prevail in the arbitration sought herein, the resulting award could be directly contrary to a decision of the National Labor Relations Board on this issue. Accordingly, this Court would have no jurisdiction to enforce such an award, and is thereby without power to grant the *ultimate* potential relief sought herein. This lack of jurisdiction is based on the fact that such an award could be repugnant to a bargaining unit determination made by the National Labor Relations Board, so that any order of this Court enforcing such an award would have the inevitable result of enjoining the enforcement of the National Labor Relations Board decision. Such a result would be tantamount to a direct or collateral judicial review of that award, neither of which this Court would have jurisdiction to do. Therefore, this Court should not lend its extraordinary equitable powers to compel arbitration in that it would be a meaningless and futile act insofar as this Court would be unable to follow through and compel the ultimate and basic relief sought herein by enforcing the award resulting therefrom. 30 C.J.S. Equity § 16 (1942). Cf. Hamilton-Brown Shoe Co. v. N. L. R. B., 104 F.2d 49, 56 (8th Cir., 1939).

### CONCLUSIONS OF LAW

1. For the purposes of this motion for summary judgment, there is no genuine issue as to any material fact alleged in the Complaint.

2. Plaintiff at all times pertinent hereto was and is a labor organization representing employees in an industry affecting commerce as those terms are defined in 29 U.S.C.A. § 152.

3. Defendant, at all times pertinent hereto was a corporation organized according to law and maintaining a place of business in the Southern District of Illinois, and was an employer whose activities affect interstate commerce as those terms are defined in 29 U.S.C.A. § 152.

4. This action was instituted for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce as those terms are defined by 29 U.S.C.A. § 152 and therefore, this Court has jurisdiction over the parties and the subject matter of this action by virtue of 29 U.S.C.A. § 185.

5. The following provision of an agreement entered into between Plaintiff and Defendant is void and unenforceable for the reasons discussed above:

> "3. As to new operations at the East Alton plant, the Company shall recognize the International Chemical Workers' Union, Local #6, as bargaining representative for Employees engaged in the manufacture of explosives or other chemicals, in research work in those fields and in other related chemical processing operations."

6. The Parts B and C of the collective bargaining agreement between Plaintiff and Defendant dated December 1, 1958, relating to the submission of grievances to arbitration, for decision, are inapplicable to any agreement between the parties that is void and unenforceable. In view of the Court's conclusion that the provision set out in paragraph 5 hereof is void and unenforceable, Defendant is not required to submit any alleged violation of that provision to arbitration for decision.

### JUDGMENT AND ORDER

IT IS HEREBY ADJUDGED, ORDERED AND DECREED that Defendant's Motion For Summary Judgment is hereby sustained and judgment is hereby entered for Defendant dismissing Plaintiff's Complaint, together with judgment against Plaintiff for the costs of this action.