304 F.2d 365
 LOCAL NO. 1505 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Intervenor, Appellant,
v.
LOCAL LODGE NO. 1836 OF DISTRICT 38 OF the INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL-CIO, et al., Appellees.
RAYTHEON COMPANY, Defendant, Appellant,
v.
LOCAL LODGE NO. 1836 OF DISTRICT 38 OF the INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL-CIO et al., Appellees.
 No. 5975.
 No. 5976.
 United States Court of Appeals First Circuit.
 Heard May 3, 1962.
 Decided June 4, 1962.
 Rehearing Denied July 19, 1962.
 
 Donald Stahl, Boston, Mass., with whom Timothy J. Murphy, Boston, Mass., was on brief, for Local No. 1505 International Brotherhood of Electrical Workers, AFL-CIO.
 Paul F. Hannah and Robert L. Molinar, Lexington, Mass., for Raytheon Co.
 Arthur J. Flamm, Boston, Mass., with whom Segal & Flamm, Boston, Mass., was on brief, for Local Lodge No. 1836 of District 38 of the International Association of Machinists, AFL-CIO.
 Before HARTIGAN and ALDRICH, Circuit Judges, and WYZANSKI, District Judge.
 ALDRICH, Circuit Judge.
 
 
 1
 This is an action to compel arbitration. In 1946 Local No. 1505, International Brotherhood of Electrical Workers, AFL-CIO (IBEW), was certified as the bargaining representative for all production and maintenance employees at certain plants operated in Massachusetts by Raytheon Manufacturing Company, now Raytheon Company. In 1952 Local Lodge No. 1836 of District 38 of the International Association of Machinists, AFLCIO (IAM), was certified as representative for certain machinists theretofore included in the IBEW bargaining unit. Both unions since certification have maintained collective bargaining agreements with Raytheon. IAM's contains extensive provisions for arbitration.[1] The record does not show, but it was asserted during argument and not contradicted, that IBEW's does also. In 1958 IAM demanded that certain work hitherto performed by members of IBEW be taken away and assigned to IAM members. Raytheon declined and, following unsuccessful grievance procedure, IAM requested arbitration. Upon the rejection of that request IAM brought the present action against Raytheon. The court permitted IBEW to intervene. However, upon cross motions for summary judgment the court thereafter ordered bilateral arbitration, denying IBEW's request to participate. Raytheon and IBEW appeal.
 
 
 2
 We consider first IBEW's claim. Concededly, even if it has an agreement to arbitrate, it is not an agreement to arbitrate with IAM. During oral argument we asked IAM how, nevertheless, it could be injured by tripartite arbitration. Counsel admitted he could think of no harm, but insisted that arbitration is purely a matter of contract and that it has a contractual right to arbitrate with Raytheon alone. In view of the factual situation this obviously would not make arbitration of true instrument for industrial peace. However, we need not consider whether, regardless of IAM's contentions, we have authority to adopt equitable measures, because we think there is another solution to the difficulties it insists upon creating or, at least, insists on not avoiding. We believe that exclusive jurisdiction to resolve the conflict between the parties is in the Labor Board whose certifications have permitted these overlapping claims.[2]
 
 
 3
 It is true that no unfair labor practice may have been committed. Cf. Tacoma Printing Pressmen's Union, 1961, 131 N.L.R.B. 1090. Even had there been, this might not pre-empt the district court's jurisdiction under 29 U.S.C. A. § 185. Cf. United Steelworkers of America, etc. v. New Park Mining Co., 10 Cir., 1959, 273 F.2d 352; Independent Petroleum Workers of N. J. v. Esso Standard Oil Co., 3 Cir., 1956, 235 F.2d 401. See also Meltzer, The Supreme Court, Congress, and State Jurisdiction Over Labor Relations: II, 59 Colum.L. Rev. 269, 282 (1959). But we cannot agree with IAM's contention that the issue does not involve a matter of representation. Its basic demand was predicated upon the company's alleged violation of the recognition clause. IAM protests that it is not seeking to represent other employees; it merely wishes their work. We are not impressed by this distinction. Certification and representation are both bottomed on work categories. On the facts here alleged a decision by the arbitrator in IAM's favor, if erroneous, would invade IBEW's certification. Arbitration, by IAM's own admission, is but a matter of contract. A union by contract with an employer cannot define the scope of its certification; that is the Board's function.[3] Not only has the Board in the past made necessary clarifications, St. Regis Paper Co., 1961, 130 N.L.R.B. 1235, but jurisdictional disputes between unions are precisely its province. N. L. R. B. v. Radio & Television Broadcast Engineers Union, 1961, 364 U.S. 573, 81 S.Ct. 330, 5 L.Ed.2d 302. It is appropriate that this jurisdiction be exclusive. See Meltzer, op. cit. supra, at 299. The case relied upon by the court below, Local 33, International Hod Carriers, etc., Union of America v. Mason Tenders District Council, 2 Cir., 1961, 291 F.2d 496, involved an intra-union dispute between two locals of no possible Board concern, and is inapposite for reasons stated in the opinion. See 291 F.2d at 503.
 
 
 4
 Judgment will be entered reversing the judgment of the District Court and ordering the complaint dismissed.
 
 
 5
 On Petition for Rehearing or to Amend Order.
 
 
 6
 We write this opinion on IAM's petition for rehearing not because any opinion is required, but to record our special objections to the petition. The bar should understand that such petitions are to be filed only in unusual circumstances. In the absence of clear error they are not to be used to reargue matters already argued and determined. Conversely, they are not for the purpose of presenting matters which should have been but, without good cause, were not argued before, Carr v. F.T.C., 1 Cir., 1962, 302 F.2d 688, 691, and particularly they are not, as here, to be used to introduce a record which was not even presented below.
 
 
 7
 Although Raytheon and IBEW argued fully the jurisdictional issue upon which we subsequently rested our decision, IAM now seeks for the first time to call to our attention certain proceedings occurring before the Board in 1953 which it says are pertinent to this issue. As presently recited the extent of this pertinency is not fully clear. In the absence of palpable error, and because of manifest untimeliness, we will not consider them.
 
 
 8
 Secondly, although IAM appears to recognize that we have held that resolution of an ambiguity in its certification is a matter exclusively for the Board in spite of the fact that preemption, as such, does not apply to actions under section 301, Local 174, Teamsters, etc. v. Lucas Flour Co., 1962, 369 U.S. 95, 101 fn. 9, 82 S.Ct. 571, 7 L.Ed. 2d 593 in the same breath it asks us, to save expense, to amend our mandate to order the district court to retain jurisdiction "in the event the Board should hold that it has no jurisdiction over this dispute." The only circumstance we can presently think of under which the Board might be said to lack "jurisdiction" would be if no ambiguity exists, a matter we have previously adverted to, fn. 2, supra. Such a contention would be inconsistent with IAM's position hitherto, and it is too late to advance it now.
 
 
 9
 The petition for rehearing is denied.
 
 
 
 Notes:
 
 
 [1]
 These provisions do not in specific terms cover the present situation, and Raytheon points to other provisions which it says preclude arbitration. We do not reach this issue
 
 
 [2]
 As is customary in actions to compel arbitration IAM does not submit the merits of the controversy to the court, but says that this is an issue for the arbitrator. We need not consider how we would decide if IAM showed that its certification was so unambiguous that there was nothing for the Board to resolve
 
 
 [3]
 As the court said in this respect in Portland Web Pressmen's Union, Local No. 17 v. Oregonian Publishing Co., 9 Cir., 1960, 286 F.2d 4, 9, cert. den. 366 U.S. 912, 81 S.Ct. 1086, 6 L.Ed.2d 237, "the parties could not by private agreement take away from the Board the right to make those determinations." See also International Chemical Workers Union v. Olin Mathieson Chemical Corp., D.C.S.D.Ill., 1962, 202 F.Supp. 363, 365; International Union of Doll & Toy Workers, etc. v. Metal Polishers, etc., Union, D.C.S.D.Cal., 1960, 180 F.Supp. 280