### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### AEROVOX CORPORATION OF MYRTLE BEACH, SOUTH CAROLINA, Respondent.

### No. 11652.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1967.

Decided Dec. 27, 1967.

George B. Driesen, Atty., National Labor Relations Board (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Alan D. Eisenberg, Atty., National Labor Relations Board, on motion), for petitioner.

William H. Smith, Jr. (Smith & Smith on reply), for respondent.

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The National Labor Relations Board moved, pursuant to Section 10(e) of the National Labor Relations Act [29 U.S.C. § 160(e)], for enforcement *pendente lite* of the Board's order directing the Aerovox Corporation of Myrtle Beach, South Carolina, to bargain collectively with the union. The company moved, pursuant to this court's Rule 27, § 8, for an order requiring the Board to correct the certified list of documents that constitute the transcript of proceedings before the Board by filing documents which were omitted.

In December 1966, Local Union 382, International Brotherhood of Electrical Workers, AFL-CIO, filed a petition seeking to represent the company's maintenance employees. The Regional Director, after a hearing, found the following unit of employees appropriate for bargaining:

"All maintenance employees, including setup men and janitors employed at the Employer's Myrtle Beach, South Carolina, plant, excluding production employees, office clerical employees, professional employees, guards and supervisors, as defined in the Act."

The company's request for review was denied on February 23, 1967, and an election was held February 24, 1967 which the union won. The union was certified as the exclusive bargaining representative, and on April 4, 1967, it requested the company to bargain. The company refused, and the union filed an unfair labor practice charge on April 12, 1967. A complaint was filed and answered. The Board's General Counsel filed a motion for summary judgment, which the Board granted, finding that the company refused to bargain with the union in violation of § 8(a)(5) and (1) of the Act. The Board ordered the company to bargain collectively with the union upon request.

In August 1967, the Board filed with this court a petition for enforcement. The company answered, praying that the Board's order be set aside. The company contends that the collective bargaining unit was not appropriate, that the Board refused to hold a new hearing in the unfair labor practice proceeding, at which additional evidence could be presented, and that the controlling factor leading to the decision and direction of election was the extent of organization at Aerovox, contrary to the provisions of § 9(c) (5) of the Act [29 U.S.C. § 159(c) (5)]. The company asserts that only a production and maintenance unit is appropriate.

Section 10(e) of the Act [29 U.S.C. § 160(e)] authorizes the Court of Appeals in which an enforcement proceeding is pending to grant "such temporary relief or restraining order as it deems just and proper." No definitive standard for the application of temporary relief has been stated.

Under § 10(j) [29 U.S.C. § 160(j)], a district court is empowered to grant to the Board "such temporary relief or restraining order as it deems just and proper." Application may be made for this relief before the Board has reached

its decision. Thus, where the standards governing relief under § 10(j) are met, it appears that relief under § 10(e) is also proper.

We are mindful that standards governing the application of § 10(e), which involves the public interest, cannot be fashioned upon principles pertaining to equitable relief in private controversies. See Virginian Railway Co. v. System Federation No. 40, 300 U.S. 515, 552, 57 S.Ct. 592, 81 L.Ed. 789 (1937). This court, in concert with others, has held that the government is not required to show irreparable injury when it seeks an injunction to give effect to an act of Congress. Shafer v. United States, 229 F.2d 124, 128 (4th Cir. 1956).

As the first prerequisite for relief pending appeal, the Board must establish reasonable cause to believe the Act has been violated. This alone, however, is insufficient to show why the normal processes of court enforcement should not be followed. A second test should be applied. It must appear from the circumstances of the case that the remedial purposes of the Act will be frustrated unless relief *pendente lite* is granted. These standards, we believe, will generally satisfy the Act's requirement that temporary relief be just and proper.

In adopting these standards, we follow the Eighth and Tenth Circuits which applied them to gauge the propriety of relief granted by district courts under § 10(j). Minnesota Mining and Manufacturing Co. v. Meter, 385 F.2d 265 (8th Cir. 1967); Angle v. Sacks, 382 F.2d 655 (10 Cir. 1967). These opinions persuade us that the standards provide a practical guide that accords with the legislative history of the Act. We agree with the conclusions reached by Judge Seth in Angle v. Sacks, supra, 382 F.2d at 660:

"We do think, however, that the legislative history indicates a standard in addition to the 'probable cause' finding that must be satisfied before a district court grants relief. The circumstances of the case must demonstrate that there exists a probability that the purposes of the Act will be frustrated unless temporary relief is granted. Administration of the Act is vested by Congress in the Board, and when the circumstances of a case create a reasonable apprehension that the efficacy of the Board's final order may be nullified, or the administrative procedures will be rendered meaningless, temporary relief may be granted under section 10(j). Preservation and restoration of the status quo are then appropriate considerations in granting temporary relief pending determination of the issues by the Board."

Application of these standards leads us to deny the Board's motion for temporary relief. The papers supporting the motion fail to show facts or circumstances indicating that the remedial purposes of the Act will be frustrated unless relief *pendente lite* is granted. The Board urges us to grant relief on the ground that an unjustifiable refusal to bargain erodes the union and undercuts its strength. This allegation coupled with supporting facts has been held to warrant relief. Brown v. Pacific Telephone and Telegraph Co., 218 F.2d 542 (9th Cir. 1955). The difficulty in the Board's position is the lack of evidence showing that the union is being eroded or undercut while it awaits the normal processes of court enforcement. The Board also argues that a temporary order to bargain might produce a contract more quickly than an order entered after the petition has been heard on the merits. Admittedly this is speculative. At the most the Board has shown reasonable cause to believe the Act has been violated, but this is not enough to depart from normal enforcement procedures.

The Board's motion for temporary relief is denied.

The company's motion to correct the certified list of documents is not opposed. It is granted.