**Jose Ramon HERNANDEZ et al.,**
**Plaintiffs,**

v.

**NATIONAL PACKING CO. et al.,**
**Defendants.**

Civ. A. No. 82–71.

United States District Court,
D. Puerto Rico.

June 21, 1971.

George Weasler, San Juan, P. R., for plaintiffs.

Edward M. Borges, Alan H. Randall, Max Ramirez De Arellano, San Juan, P. R., for defendants.

OPINION AND ORDER

CANCIO, Chief Judge.

This case is before the Court on motions by Defendants National Packing Company, Ralston Packing Company, and Seafarers International Union of Puerto Rico, Caribe and Latino America, affiliated to the Seafarers International Union of North America, to dismiss an action brought by plaintiffs, twenty-five employees of National Packing Company, seeking injunctive and declaratory judgment relief declaring a collective bargaining agreement between defendants executed on November 23, 1970 and currently in effect, void and of no effect, or in the alternative to suspend the operation and effect of said contract until the employees have an opportunity to vote by secret ballot whether they desire to ratify or revoke said collective bargaining agreement. Defendants' motions filed February 10 and 16, 1971,

urge dismissal on various grounds.[1] Plaintiffs have opposed the motions and all parties have filed briefs and orally argued.

Defendants contend that the present suit is an attempt to obtain collateral review of prior determinations of the National Labor Relations Board as to the proper collective bargaining representative of defendant employers' employees. The National Labor Relations Board has left outstanding a certification of representatives issued in 1967 to Defendant SIU and by Order dated December 14, 1970 in NLRB Case No. 24–RC–4197, upheld the National Labor Relations Board Regional Director's decision dismissing a representation petition for an election to determine the collective bargaining representative among the employees of the defendant employers. Following the execution of the present collective bargaining agreement under attack herein, the General Counsel of the National Labor Relations Board declined formally in NLRB Case No. 24–CA–2954 to issue a complaint alleging that the execution of such contract by defendants was an unfair labor practice. The plaintiffs contend that they were denied procedural due process at the NLRB proceedings and that the failure of the SIU to submit the new contract to a ratification vote should warrant this Court's intervention in the labor-management dispute.

Upon due consideration of all issues, this Court is of the opinion that the issues posed by plaintiffs are not those with respect to which it is the Court's function to intervene, and that the NLRB has the exclusive jurisdiction to resolve the conflict between the parties. Local No. 1505 IBEW v. Local Lodge No. 1836, 304 F.2d 365 (C.A. 1, 1962). See also American Federation of Labor v. NLRB, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940).[2] Nor is this the type of case subject to the limited exception warranting judicial intervention with respect to the ruling of the NLRB as set forth in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); nor do the facts meet the requirements for judicial intervention as required by the United States Supreme Court in Boys Markets, Inc. v. Retail Clerk's Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

There is no requirement at law that the defendant certified union SIU submit the instant contract to a ratification vote, and a refusal to do so is not a violation of the constitution and bylaws of the defendant SIU; nor is it an obligation of the employer to insist upon it. Such a determination that execution of the contract was improper for a certified union to undertake is the function of the NLRB. See Pastrana v. Folding Box, etc. Workers, 212 F.Supp. 639 (SDNY, 1962); Branch v. Vickers, Inc., 209 F.Supp. 518 (ED Mich., 1962); McLeod v. Local 27, Paper Products etc., 212 F.Supp. 57 (EDNY, 1962).[3]

---

1. In view of my ruling herein, it is not necessary to rule upon the additional grounds urged by defendants in their motions to dismiss.

2. See also Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1969); McCulloch v. Libbey-Owens-Ford Glass Co., 131 U.S.App.D.C. 190, 403 F.2d 916 (1969), cert. denied 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560.

3. See also Houchens Market of Elizabethtown, Inc. v. NLRB, 375 F.2d 208 (C.A.6, 1967); NLRB v. Wooster Division of Borg-Warner Corp., 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823 (1958); In re American Seating, 176 NLRB No. 118; Cleveland Orchestra Committee v. Cleveland Federation of Musicians, Local No. 4, D.C., 193 F.Supp. 647, 6 Cir., 303 F. 2d 229.