**D'AMICO, Louis J., Regional Director for the Fifth Region of the National Labor Relations Board**

v.

**The A.G. BOONE COMPANY.**

**Civ. A. No. 86–0499.**

United States District Court,
W.D. Virginia,
Roanoke Division.

May 21, 1987.

James P. Lewis, N.L.R.B., Reg. 5, Baltimore, Md., and Asst. U.S. Atty., Roanoke, Va., for D'Amico.

Lloyd C. Caudle, Caudle & Spears, Charlotte, N.C., and Glenn, Flippin, Feldmann & Darby, Roanoke, Va., for A.G. Boone Co.

OPINION AND ORDER

TURK, Chief Judge.

This case comes before the court on the plaintiff's renewed motion for a preliminary injunction pursuant to Section 10(j) of the National Labor Relations Act ("the Act"). The plaintiff asks the court to enjoin the defendant from selling its Montvale, Virginia trucking terminal pending final disposition of this case by the National Labor Relations Board ("NLRB"). Previously, the court denied the plaintiff's request for a similar but much broader injunction to force Boone to resume operations at the Montvale terminal. The court concluded that such an injunction would not be just and proper.

The background of this case and the discussion of the legal basis for the court's denial of the original motion are set out in an opinion filed on November 20, 1986. *D'Amico v. The A.G. Boone Company,* 647 F.Supp. 1546 (W.D.Va.1986). Since then,

an Administrative Law Judge of the NLRB has decided that Boone committed several unfair labor practices in closing the Montvale terminal. The judge recommended that Boone reopen the Montvale plant. More recently, Boone began to pursue the sale of its Montvale property.

The plaintiff argues that any sale of the Montvale property would eviscerate the effectiveness of any future NLRB remedy, which would almost surely include an order for Boone to resume its Montvale operations. The plaintiff does not ask this court, as it did previously, to order the Montvale facility immediately reopened. It only asks the court to preserve the property in case the NLRB orders Boone to reopen the Montvale terminal sometime in the future.

In the court's view, a narrow injunction preventing Boone from selling the Montvale terminal is just and proper because it will preserve the status quo, and will serve both the public interest and the remedial purposes of the Act by ensuring the effectiveness of potential NLRB ordered relief *NLRB v. Aerovox Corp. of Myrtle Beach, S.C.*, 389 F.2d 475, 477 (4th Cir.1967) (quoting *Angle v. Sacks*, 382 F.2d 655, 660 (10th Cir.1967)). Further, the Administrative Law Judge's finding of unfair labor practices reinforces the court's previous conclusion that the plaintiff has reasonable cause to believe that Boone violated the Act.

Therefore, it is hereby

## ORDERED

that the defendant is ENJOINED from selling or otherwise alienating its Montvale, Virginia terminal, its fixtures, its equipment, and the real property on which it is located pending the final disposition of this matter before the National Labor Relations Board or until further order of this court.