**Granville P. SARGENT, Plaintiff,**

v.

**UNITED TRANSPORTATION UNION, Defendant.**

**Civ. No. 1970-445.**

United States District Court,
W. D. New York.

Nov. 11, 1971.

Harrison, Gruber & Gaughan, Buffalo, N. Y. (Fenton F. Harrison, Buffalo, of counsel), for plaintiff.

McElroy & Dunn, Syracuse, N. Y. (J. Murray Dunn, Syracuse, N. Y., of counsel), for defendant.

CURTIN, District Judge.

This is a class action under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 401 et seq.). The named plaintiff is a member of Lodge 1566, one of twenty-three locals of the defendant labor organization. While plaintiff's local has 216 members, one lodge has as few as nine and another as many as 354. Notwithstanding these differences, the defendant's constitution, adopted in 1969, provides that in elections for officers of the General Committee of Adjustment, each local may cast, through the local's chairman, only one vote. Claiming that this system results in disproportionate representation in violation of plaintiff's voting rights under Title I of the Act [29 U.S. C. § 411(a) (1)], plaintiff seeks a decree setting aside the defendant's 1970 election for the General Chairman of the General Committee of Adjustment, and an order directing the defendant to amend its constitution incorporating direct referendums or weighted voting.

Plaintiff further seeks a new election, and an injunction barring future elections until the constitution is amended.

 The defendant has moved to dismiss the complaint on the ground that this court is without jurisdiction. The exclusive remedy for challenging a union election already held, defendant argues, is through filing a complaint with the Secretary of Labor pursuant to the provisions of Title IV of the Act (29 U.S.C. §§ 481, 482, and 483).

Section 411(a) (1) of the Act provides:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

Relying upon the broad language of Title I with respect to voting rights, and pointing to the union member's private remedy provided in Title 29, United States Code, Section 412, the plaintiff takes the position that recourse through the Secretary of Labor is unnecessary and improper.

The defendant, on the other hand, has pointed to language in the provisions of Title IV which would indicate that relief must be sought through the Secretary of Labor.

In determining, however, whether plaintiff may proceed initially under Title I in the district court or must turn under Title IV to the Secretary of Labor, the inquiry must go further than the overlapping and uncertain language of the Act. The policy of Congress is one of minimal intervention with union elections. Wirtz v. Local 153, Glass Bottle Blowers Assn., 389 U.S. 463, 470, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968). Within this policy,

Congress * * * intended the district courts to move at the instance of private litigants in cases of fraud and willful breach of fiduciary duty and gross misconduct, but to go carefully and slowly, before intervening, except at the instance of the Secretary, where differentiation of the licit from the illicit entails expertise and where premature intervention would interfere with or discourage real prospects of internal relief or reform. Ratner, The Emergent Role of District Courts In National Labor Policy, 38 F.R.D. 81 (1965).

In Spivey v. General Grievance Committee, Brotherhood of Railway Trainmen, 59 L.C. ¶ 13,068 (N.D.Ga.1968), the plaintiff raised essentially the same complaint as the instant case. There, it was held that an action under Title IV, not Title I, was proper. The court relied upon the majority opinion of Justice Black in Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), wherein the scope of the Title IV remedy was described:

> Title IV sets up a statutory scheme governing the election of union officers * * * and attempting to guarantee fair union elections in which all the members are allowed to participate. * * * It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest. * * * Reliance on the discretion of the Secretary is in harmony with the general congressional policy to allow unions great latitude in resolving their own internal controversies, and, where that fails, to utilize the agencies of Government most familiar with union problems to aid in bringing about a settlement through discussion before resort to the courts.

In view of the widespread effects on union election procedures that would follow a favorable disposition of plaintiff's complaint here, and in consideration of the decisions in *Spivey* and *Calhoon,* this

court is convinced that plaintiff's demands should more properly be addressed to the Secretary of Labor.

The defendant's motion to dismiss the complaint is granted.

So ordered.