Kenneth L. KEMPTHORNE, et al., Plaintiffs-Appellants,

v.

The UNITED TRANSPORTATION UNION and the Intermediate Body of the United Transportation Union, Known as the Trainmen General Committee of Adjustment for the Illinois Central Railroad, Defendants-Appellees.

No. 71–1241.

United States Court of Appeals, Seventh Circuit.

Feb. 11, 1972.

Robert J. Shaw, Rockford, Ill., for plaintiffs-appellants.

Donald W. Cohen, Lester Asher, Marvin Gittler, Chicago, Ill., for defendants-appellees; Asher, Greenfield, Gubbins & Segall, Chicago, Ill., of counsel.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and KILEY, Circuit Judge.

PER CURIAM.

This is an appeal from an order dismissing an action brought by twenty-two members of the United Transportation Union against the union and the intermediate body of the union known as the Trainmen General Committee of Adjustment for the Illinois Central Railroad. The complaint sought a declaration that certain provisions of the union's constitution governing the method of electing the general chairman of the union's General Committee of Adjustment were invalid and further sought a preliminary injunction prohibiting the holding of the then impending election of such officer. The district court dismissed the complaint for failure to state a claim upon which relief could be granted and denied the request for injunctive relief for mootness. We affirm.

The district judge based his dismissal on the ground that plaintiffs had not exhausted their administrative remedies before the Secretary of Labor and his belief that such administrative remedies were exclusive. We agree.

The plaintiffs' complaint is directed to the provision of the constitution of the parent union whereby the general chairman of the General Committee of Adjustment is elected by the respective chairmen of the various local lodges except that such chairman may be elected by direct vote of the members if such procedure is adopted by a two-thirds vote of the local chairmen. Plaintiffs claim that because the local lodges vary substantially in membership, individual members who belong to a large lodge are denied equal voting rights, in violation of the one-man one-vote principle.

Section 401(d) of the Labor-Management Reporting & Disclosure Act of 1959, 29 U.S.C. § 481(d), provides that officers of intermediate bodies within a labor union (such as the General Committee of Adjustment) may be elected by the membership over which the body has jurisdiction or by elected representatives of the membership. Section 402 of the Act, 29 U.S.C. § 482, establishes a detailed procedure for the adjudication of union members' claims that any part of section 401 has been violated in the holding of any election. Pursuant to section 402, the Secretary of Labor investigates all such complaints and, if he finds that probable cause exists to believe a violation has occurred, is directed to file a civil action in the appropriate district court within sixty days of the filing of the union members' complaint.

■ The Supreme Court has determined that the method of redress outlined in section 402 is exclusive with regard to internal election rights of union members deriving from Title IV of the Act. As the Court said in Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964):

> Section 402 of Title IV [29 U.S.C. § 482] . . . sets up an exclusive method for protecting Title IV rights, by permitting an individual member to file a complaint with the Secretary of Labor challenging the validity of any election because of violations of Title IV. . . . It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest. . . . In so doing Congress, with one exception not here relevant, decided not to permit individuals to block or delay union elections by filing federal-court suits for violations of Title IV.

■ Since the questioned election was held subsequent to the denial of the request to enjoin it, the propriety of the denial has been rendered moot. Colpo v. Teamsters Local 107, 305 F.2d 362, 363

(3rd Cir.), cert. denied, 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed.2d 123 (1962); Davis v. Turner, 395 F.2d 671 (9th Cir.), cert. denied, 393 U.S. 987, 89 S.Ct. 467, 21 L. Ed.2d 449 (1968).

The dismissal of the action is affirmed.