**Michael P. O'DOHERTY, Plaintiff,**

v.

**BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Defendant.**

Civ. No. 78–O–369.

United States District Court, D. Nebraska.

April 4, 1979.

John P. Fahey, Omaha, Neb., for plaintiff.

John P. Grant, Omaha, Neb., Joseph Guerrieri, Jr., Washington, D.C., for defendant.

### MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon the defendant's motion to dismiss or in the alternative for summary judgment [Filing # 12]. Briefs have been submitted and oral argument was held on March 16, 1979.

This case involves a suit brought by a member of a local lodge of the Brotherhood of Railway, Airline, Steamship Clerks, Freight Handlers, Express and Station Employees [BRAC], to enjoin the governing rules of BRAC covering representation of BRAC local lodges on intermediate subordinate bodies of BRAC, known as a System Board of Adjustment [System Board], and to enjoin the voting on those boards for officers thereof.

Plaintiff alleges that he is a member in good standing of BRAC Local Lodge No. 335 which has a representative on the System Board. Plaintiff contends that this representation is in no way proportionate to the membership of his lodge and, thus, violates rights of the plaintiff and other members of his lodge granted to them under Section 101 of Title I of the Labor Management Reporting and Disclosure Act [LMRDA], 29 U.S.C. § 411 et seq.

In response, the defendant has raised various legal defenses relating to subject matter jurisdiction, venue and failure to state a claim.

Initially, the defendant contends that § 402 of Title IV of the LMRDA, 29 U.S.C. § 482, providing for complaint to and suit by the Secretary of Labor, is the only remedy available to the plaintiff in matters of the type involved herein and, therefore, that this Court lacks jurisdiction.

Section 101(a)(1) of the LMRDA reads as follows:

Sec. 101. (a)(1) Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1).

Pursuant to § 102 (29 U.S.C. § 412), a federal district court may entertain a private action brought by a union member alleging a violation of § 101.

On the other hand, Title IV of the LMRDA sets forth the requirements of that statute for the election of officers of national and international unions, officers of

intermediate bodies of such organizations, and of local unions or lodges. Section 401(d) and (e) (29 U.S.C. § 481), of that title provides for the election of officers of intermediate bodies, such as the BRAC System Board involved herein. Section 401(d), which provides a method for electing the members of such bodies, reads as follows:

(d) Officers of intermediate bodies, such as general committees, system boards, joint boards, or joint councils, shall be elected not less often than once every four years by secret ballot among the members in good standing or by labor organization officers representative of such members who have been elected by secret ballot.

29 U.S.C. § 481(d).

Section 402 of the same title provides for the enforcement of the election requirements of the statute by the Secretary. This section reads as follows:

(a) A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation, may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide.

29 U.S.C. § 482(a).

■ As the Court has already mentioned, the plaintiff did not proceed in accordance with § 402 of the statute. He did not file a complaint with the Secretary. Instead, he brought a private action in this Court pursuant to § 101. The Court has reviewed the reasoning of those courts which have examined the interplay of § 101 and § 402 and finds that exclusive jurisdiction of plaintiff's complaint lies with the Secretary and that this Court does not have jurisdiction of the subject matter thereof.

In *Calhoon v. Harvey*, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), the Supreme Court described the scope of the Title IV remedy as follows:

Title IV sets up a statutory scheme governing the election of union officers * * and attempting to guarantee fair union elections in which all the members are allowed to participate. * * * It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest. * * * Reliance on the discretion of the Secretary is in harmony with the general congressional policy to allow unions great latitude in resolving their own internal controversies, and, where that fails, to utilize the agencies of Government most familiar with union problems to aid in bringing about a settlement through discussion before resort to the courts.

*Calhoon v. Harvey, supra*, 379 U.S. at 140, 85 S.Ct. at 296.

Since *Calhoon*, various cases involving indistinguishable fact patterns have held that in cases such as this, the plaintiff's exclusive remedy is with the Secretary of Labor pursuant to Title IV, not Title I. *Kempthorne v. United Transp. Union*, 457 F.2d 551 (7th Cir. 1972); *Sargent v. United Transp. Union*, 333 F.Supp. 956 (W.D.N.Y.1971); *Spivey v. General Grievance Committee of the Bhd. of R.R. Trainmen*, 69 LRRM 2709 (N.D.Ga.1968).

In *Kempthorne*, the plaintiff filed a complaint which is described by the Court as follows:

The plaintiff's complaint is directed to the provision of the constitution of the parent union whereby the general chairman of the General Committee of Adjustment is elected by the respective chairmen of the various local lodges except

that such chairman may be elected by direct vote of the members if such procedure is adopted by a two-thirds vote of the local chairmen. Plaintiffs claim that because the local lodges vary substantially in membership, individual members who belong to a large lodge are denied equal voting rights, in violation of the one-man one-vote principle.

*Kempthorne v. United Transp. Union, supra,* 457 F.2d at 552.

Analyzing the pertinent sections of Title IV, the *Kempthorne* court wrote:

Section 401(d) of the Labor-Management Reporting & Disclosure Act of 1959, 29 U.S.C. § 481(d), provides that officers of intermediate bodies within a labor union (such as the General Committee of Adjustment) may be elected by the membership over which the body has jurisdiction or by elected representatives of the membership. Section 402 of the Act, 29 U.S.C. § 482, establishes a detailed procedure for the adjudication of union members' claims that any part of section 401 has been violated in the holding of any election. Pursuant to section 402, the Secretary of Labor investigates all such complaints and, if he finds that probable cause exists to believe a violation has occurred, is directed to file a civil action in the appropriate district court within sixty days of the filing of the union members' complaint.

*Kempthorne v. United Transp. Union, supra,* 457 F.2d at 553.

Then, relying on *Calhoon,* the *Kempthorne* Court noted "that the method of redress outlined in section 402 is exclusive with regard to internal election rights of union members deriving from Title IV of the Act", and dismissed the private action brought by the plaintiff. *Kempthorne v. United Transp. Union, supra.*

Similarly, in *Sargent,* the Court had before it a complaint identical to the present one. Complaining of the composition and voting power of the representatives of local lodges of the UTU on an intermediate body known as the General Committee of Adjustment, comparable to the BRAC System Board here involved, the plaintiff contended that the representation and voting resulted in disproportionate representation in violation of plaintiff's voting rights under § 101(a)(1) of the LMRDA. The plaintiff sought to set aside a specific election and have the Court direct the defendant to amend its constitution to either set up a direct referendum or a weighted voting system. Relying on *Calhoon* and *Spivey,* the district court granted the defendant's motion to dismiss, concluding

In view of the widespread effects on union election procedures that would follow a favorable disposition of plaintiff's complaint here, and in consideration of the decisions in *Spivey* and *Calhoon,* this court is convinced that plaintiff's demands should more properly be addressed to the Secretary of Labor.

*Sargent v. United Transp. Union, supra,* 333 F.Supp. at 957–58.

Finally, in *Spivey,* the plaintiff complained of the composition of an intermediate body of the Brotherhood of Railroad Trainmen, which corresponds to the BRAC System Board involved herein, on the grounds that the representatives of local lodges on this intermediate body and their voting rights created a system of disproportionate representation violative of § 101(a)(1) of the LMRDA. The plaintiff asked that the Court restructure the intermediate body by assigning voting power to the local members on a proportionate basis to the number of members represented and invoked the jurisdictional provisions of § 102 (29 U.S.C. § 412).

However, the Court dismissed the complaint without prejudice to complainant's right to file with the Secretary pursuant to § 402 (29 U.S.C. § 482). Relying on *Calhoon,* the Court wrote as follows:

The broad mandate of Calhoon plus the specific language found in Title IV, quoted above, leads this Court to the view that the question of reapportionment in intermediate bodies in (sic) a question that should be resolved in a suit under Title IV where the expertise of the Secretary be best utilized.

Accordingly, this ruling has the effect of dismissing the complaint without prejudice to the right of plaintiff to bring an action under Title IV, 29 U.S.C. § 482. *Spivey v. General Grievance Committee of the Bhd. of R.R. Trainmen, supra,* 69 LRRM at 2712.

In response, the plaintiff places emphasis on the reasoning of the 8th Circuit in *McNail v. Amalgamated Meat Cutters & Butchers,* 549 F.2d 538 (8th Cir. 1977). However, the Court believes that *McNail* is inapposite. The court in *McNail* was not faced with the factual issues involved herein, i. e., reapportionment in intermediate bodies, and did not have to consider the *Calhoon* holding in light of that issue.

Therefore, in light of the specific provisions of Title IV, the need for the Secretary's expertise in this matter and Congressional policy of minimal intervention in union election matters, *Wirtz v. Local 153, Glass Bottle Blowers Assn.,* 389 U.S. 463, 470–71, 88 S.Ct. 643, 647–48, 19 L.Ed.2d 705 (1968), the Court is of the view that dismissal is proper under the circumstances of this case.

Moreover, assuming *arguendo* that the Court has jurisdiction, the complaint is also subject to dismissal for improper venue.

Pursuant to § 102 of the LMRDA, an "action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located." 29 U.S.C. § 412.

The latter part of this section is clearly inapposite since the principal office of BRAC is located in Rockville, Maryland, a suburb of Washington, D. C.

■ Likewise, the alleged statutory violation did not occur in this judicial district. The complaint and answer indicate that the BRAC System Board was established by virtue of the BRAC Constitution and the BRAC Statutes for the Government of Lodges. International President Kroll, in response to a letter from the plaintiff requesting a system of proportionate representation, cites the provisions of Article I, Section 8(c) of the Protective Laws of BRAC which were authorized by the BRAC Quadrennial Convention held in 1959. This General Convention was held in Milwaukee, Wisconsin, and the last convention was held in Washington, D. C. Thus, the provision which governs the method of voting for System Board officers of which the plaintiff complains, was established by the BRAC Convention in Milwaukee, and affirmed at Washington, D. C. Obviously, neither of these locations are within this judicial district. Pursuant to § 102, this action must be brought where the alleged violations occurred, which in this case is either Milwaukee, Wisconsin, or Washington, D. C. (where the governing provisions were passed or affirmed), not Omaha, Nebraska. *See Rota v. Brotherhood of Railway, Airline & Steamship Clerks,* 338 F.Supp. 1176, 1179–85 (E.D.Pa.1972); *Coleman v. Brotherhood of Railway and Steamship Clerks, etc.,* 228 F.Supp. 276, 284 (S.D. N.Y.1964), *aff'd,* 340 F.2d 206 (2d Cir. 1964).