**Michael P. O'DOHERTY, Appellant,**

v.

**BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Appellee.**

No. 79–1375.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 7, 1979.
Decided March 19, 1980.

John P. Fahey, Omaha, Neb., for appellant.

James L. Highsaw, Washington, D. C., for appellee; Robert E. O'Connor, Sr., Omaha, Neb., Joseph Guerrieri, Jr., Washington, D. C., and William J. Donlon, Gen. Counsel, Brotherhood of Railway, etc., Rockville, Md., on brief.

Before LAY, Chief Judge,* and BRIGHT and McMILLIAN, Circuit Judges.

BRIGHT, Circuit Judge.

Michael P. O'Doherty, for himself and other members of Local Lodge 335 of the Brotherhood of Railway, Airline and Steam-

* The Honorable Donald P. Lay became Chief Judge of the Eighth Circuit on January 1, 1980.

ship Clerks, Freight Handlers, Express and Station Employees (BRAC), brought this action against BRAC challenging the union's scheme of representation on its intermediate governing body, the System Board of Adjustment.[1] O'Doherty complained that although Local 335 provides forty percent of the membership governed by the Union Pacific-East System Board of Adjustment No. 106 (System Board), only one of the nineteen members on the System Board represents Local 335. O'Doherty requested injunctive relief under provisions of Title I of the Labor Management Reporting and Disclosure Act (LMRDA), particularly 29 U.S.C. § 411(a)(1) (1976)[2] which grants union members equal voting rights, and 29 U.S.C. § 412 (1976)[3] which authorizes civil actions in federal district court for violations of Title I. The District Court for the District of Nebraska (Judge Robert V. Denney) granted summary judgment dismissing the case on the grounds that the complaint did not fall within the parameters of Title I and, alternatively, that venue was improper. 485 F.Supp. 42 (D.Neb.1979). For reasons set forth below, we affirm the dismissal of this action.

Under BRAC's protective laws, each union local with twenty-five or more members is represented on the System Board by the chairman of the local's protective committee.[4] As members of the System Board, the local chairmen each have one vote in the selection of Board officers and in the conduct of Board business, which includes negotiating collective bargaining agreements, processing unadjusted grievances, levying dues and assessments, and formulating bylaws. Appellant claims that this system of equal rather than weighted voting by Board members discriminates against the voting rights of the members of his large local. Appellant does not allege any discrimination with regard to the local members' right to vote for their protective committee chairman.[5]

This appeal presents the issue of whether appellant's complaint against the voting method employed by the System Board falls under provisions of Title I, i. e., 29 U.S.C. §§ 411 and 412, or under provisions of Title IV of the LMRDA[6] as the district court held. O'Doherty characterizes this as a Title I claim, arguing that the system of unweighted voting violates a "one man-one vote" principle implicitly required by 29 U.S.C. § 411.[7] That section provides:

(a)(1) *Equal rights.*—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

Appellee maintains that the complaint falls under Title IV of the LMRDA, 29 U.S.C. §§ 481–83 (1976). Title IV governs terms of office and union election procedures, and it provides that only the Secretary of Labor may seek appropriate relief in

---

1. BRAC's governing rules structure the union into three levels: The Grand Lodge, System Boards of Adjustment, and Local Lodges.

2. 29 U.S.C. § 411(a)(1) was originally enacted as Act of Sept. 14, 1959, P.L. 86–257, Title I, § 101(a)(1), 73 Stat. 522.

3. 29 U.S.C. § 412 was originally enacted as Act of Sept. 14, 1959, P.L. 86–257, Title I, § 102, 73 Stat. 523.

4. If there are two or more locals with fewer than twenty-five members, the members of those locals pool their votes and elect one of the local chairmen to serve on the System Board.

5. As explained in the text at note 4 *supra*, generally members of locals vote directly only for their local protective committee chairman; BRAC's rules appoint those chairmen to serve on the System Board.

6. 29 U.S.C. §§ 481–83 (1976) (originally enacted as Act of Sept. 14, 1959, P.L. 86–257, Title IV, §§ 401–03, 73 Stat. 532–34).

7. O'Doherty analogizes the voting rights conferred by 29 U.S.C. § 411 to the constitutionally protected electoral rights recognized in *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

federal district court for claims he or she finds meritorious. A specific provision of Title IV of the LMRDA governs union intermediate bodies such as the System Board. 29 U.S.C. § 481(d) reads:

> (d) Officers of intermediate bodies, such as general committees, system boards, joint boards, or joint councils, shall be elected not less often than once every four years by secret ballot among the members in good standing or by labor organization officers representative of such members who have been elected by secret ballot.

If, as BRAC maintains, O'Doherty's complaint raises an issue governed predominantly by Title IV, then no claim for relief will lie under Title I. Judge Heaney, writing for this court in *McNail v. Amalgamated Meat Cutters*, 549 F.2d 538, 540 (8th Cir. 1977), observed:

> At issue is the interplay of Title I and Title IV, both of which arguably provide remedies to the appellant in this action. Under *Calhoon v. Harvey*, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), the critical question is whether or not a union member is discriminated against in one of the rights guaranteed by Title I. *See Parish v. Legion*, 450 F.2d 821 (9th Cir. 1971); *Depew v. Edmiston*, 386 F.2d 710 (3rd Cir. 1967). Title I allows a private suit to be brought to vindicate the denial of the right to nominate candidates for union office guaranteed under the title. 29 U.S.C. § 412. In contrast, Title IV provides for complaint to and an action brought by the Secretary of Labor as the exclusive means of vindicating an individual's right of candidacy for union office guaranteed under that title. 29 U.S.C. §§ 482 and 483. *Jurisdiction under Title I cannot be obtained, however, by the mere assertion of the denial of Title I rights if Title IV rights are essentially*

involved. *Calhoon v. Harvey, supra*; *Driscoll v. International Union of Op. Eng., Local 139*, 484 F.2d 682 (7th Cir. 1973), *cert. denied*, 415 U.S. 960, 94 S.Ct. 1490, 39 L.Ed.2d 575 (1974). [Footnotes omitted, emphasis added.]

After examining the facts set out in the pleadings and affidavits, the text and legislative history of LMRDA provisions in question and the relevant case law, the district court ruled that specific provisions of Title IV, particularly 29 U.S.C. § 481(d) quoted above, applied to O'Doherty's claim. Judge Denney wrote:

> [I]n light of the specific provisions of Title IV, the need for the Secretary's expertise in this matter and Congressional policy of minimal intervention in union election matters, *Wirtz v. Local 153, Glass Bottle Blowers Assn.*, 389 U.S. 463, 470–71 [88 S.Ct. 643, 647–48, 19 L.Ed.2d 705] (1968), the Court is of the view that dismissal is proper under the circumstances of this case. [485 F.Supp. at 46.]

Accordingly, Judge Denney granted BRAC's motion to dismiss without prejudice to O'Doherty's right to file a complaint with the Secretary of Labor pursuant to 29 U.S.C. § 482 (1976).[8]

In reaching its decision, the district court relied upon three cases which, on facts very similar to those present here, held that Title I does not provide subject matter jurisdiction over a complaint alleging disproportionate representation on a union's intermediate board. *Kempthorne v. United Transportation Union*, 457 F.2d 551 (7th Cir. 1972); *Sargent v. United Transportation Union*, 333 F.Supp. 956 (W.D.N.Y.1971); *Spivey v. General Grievance Committee of the Brotherhood of Railroad Trainmen*, 69 LRRM 2709 (N.D.Ga.1968). In addition, we note that the court's implicit holding that the complaint failed to state a claim under Title I finds support in *Gordon v. Laborers' International Union of North America*, 490

---

8. The district court's opinion referred to the legal defenses to the claim as relating to "subject matter jurisdiction" and "failure to state a claim." 485 F.Supp. at 43. The district court determined that the complaint did not fall under Title I of the LMRDA and held that the court did not have subject matter jurisdiction.

485 F.Supp. at 44. That ruling in a case of this kind amounts to a determination that the appellant's complaint does not state a cause of action. *See Calhoon v. Harvey*, 379 U.S. 134, 137 n.9, 85 S.Ct. 292, 295 n.9, 13 L.Ed.2d 190 (1964).

F.2d 133 (10th Cir. 1973), *cert. denied,* 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974). In that case, the plaintiff alleged that his Title I voting rights were violated by a representative structure that awarded his local fewer votes on the Union's district council than if delegates were appointed in direct relation to the size of the local. The court considered the issue as within its jurisdiction but rejected the contention as without merit, holding that 29 U.S.C. § 411(a)(1) does not require that

> representation in delegate bodies of labor organizations reflect the proportionate number of members in each subordinate labor organization represented in those bodies. [*Id.* at 137–38.]

Finally, principles enunciated by the Supreme Court in *Calhoon v. Harvey,* 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), and by the Second Circuit in *Fritsch v. District Council No. 9, Brotherhood of Painters,* 493 F.2d 1061 (2d Cir. 1974), support the conclusion that appellant has failed to make out a Title I claim.

Upon examination of the district court's reasoned and well-supported opinion, we conclude that the court did not err in dismissing appellant's claim under Title I of the LMRDA. Accordingly, we affirm the court's order without reaching its alternative ground for dismissal, that of improper venue.