**J. W. PRUITT, Jr., et al., Plaintiffs,**

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., Defendants.**

**Civ. A. No. C80–430A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 26, 1981.

Joe Salem, Atlanta, Ga., for plaintiffs.

Harris Jacobs, Douglas P. Roberto, Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This is an action by three members of Local Union 225 of the United Brotherhood of Carpenters and Joiners of America ("Local"), suing individually and on behalf of the Local, against the International Union, its District Council, an elected officer of the District Council, and the Secretary of Labor ("Secretary"). This action is brought pursuant to the Labor Management Reporting and Disclosure Act of 1959 ("Act"), 29 U.S.C. §§ 401 *et seq.* Plaintiffs also assert jurisdiction under 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act), 28 U.S.C. § 2201 (Declaratory Judgment Act), and 28 U.S.C. § 1361 (action for mandamus). In essence, the plaintiffs allege that defendant Raymond E. Pressley is ineligible to hold an office on the District Council, and that he was improperly elected to the position of Executive Secretary/Treasurer. In addition to other relief, plaintiffs seek an order preventing Pressley from exercising the duties of his office, and a writ of mandamus ordering the Secretary to institute a civil action to set aside Pressley's election. The District Council and Pressley have filed counterclaims seeking damages from the individual plaintiffs for an alleged abuse of process resulting in harassment and infliction of emotional distress. This matter is currently before the court on the Secretary's motion to dismiss and the joint motion to dismiss or, in the alternative, for summary judgment by the remaining defendants.

Plaintiffs' complaint is based on certain provisions of the international constitution and the bylaws of the District Council which they contend require a candidate to be elected as a delegate from his local union to be eligible for nomination and election as an officer of the District Council.[1] Plaintiffs take the position that since defendant Pressley was defeated in his several bids to be elected as a delegate to the District Council from Local 225, he is ineligible to hold an elective office on the District Council. Members of the Local have twice filed complaints with the president of the International Union regarding Pressley's eligibility, and on both occasions their complaints have been rejected. The decision of the President of the International Union was upheld on both occasions by the Secretary.

1. The relevant portions of the international constitution and the Bylaws of the District Council provide as follows:

SECTION 31 INTERNATIONAL CONSTITUTION AND LAWS OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

... Where District Council officers or Business Representatives are to be elected by delegates to the Council in any year in which the ...

affiliated local Unions hold regular election of such delegates, the election of District Council officers shall be by the incoming delegates and not by the outgoing delegates.

SECTION 32 OF THE BY-LAWS OF THE DISTRICT COUNCIL:

A. To be eligible for nomination and election as an officer of this Council a candidate must be a delegate from his local Union.

SECTION 33 B OF THE BY-LAWS:

By virtue of his office the Executive Secretary-Treasurer shall be a delegate to the Council without affecting the representation of his Local Union as set forth in Section 31 and of the Council, except the Trial Committee.

■ It is clear that the plaintiffs' complaint is governed by the provisions of Title IV of the Act, 29 U.S.C. § 481 *et seq.* Title IV establishes a comprehensive statutory scheme to regulate union elections, and includes provisions relating to eligibility for office and violations of union election laws. Plaintiffs' complaint challenges the eligibility of defendant Pressley to hold an office on the District Council under the constitution of the International Union and the by laws of the District Council. As the allegations of plaintiffs' complaint relate primarily to the eligibility under union laws of a candidate for office, the complaint falls squarely within the confines of Title IV. *See Calhoon v. Harvey,* 379 U.S. 134 at 141, 85 S.Ct. 292 at 296, 13 L.Ed.2d 190 (1964). Although the plaintiff alleges that certain rights have been violated under Title I, these putative violations are all based on Pressley's eligibility to hold an elective office. It would be manifestly inappropriate and contrary to the statutory intent to allow mere allegations of Title I violations to confer jurisdiction there under when Title IV rights are essentially involved. *Calhoon v. Harvey, supra; O'Doherty v. Brotherhood of Railway, Airline and Steamship Clerks,* 618 F.2d 484 (8th Cir. 1980).

*Calhoon v. Harvey, supra,* is the leading case addressing the relationship between Title I and Title IV. In *Calhoon,* the plaintiff alleged that certain provisions of the union's constitution and bylaws violated Title I of the Act in that they denied the members of the union the right to nominate candidates in union elections. The Supreme Court upheld the District Court's dismissal for want of jurisdiction on the ground that the questionable provisions of the constitution and bylaws related to eligibility requirements, and were subject to the provisions of Title IV, not Title I. In making its decision, the court held that jurisdiction under Title I could not be upheld "by reliance

in whole or in part on allegations which in substance charge a breach of Title IV rights." 379 U.S. at 138, 85 S.Ct. at 295. Similarly, the allegations of plaintiffs' complaint in the case sub judice charge in substance a violation of Title IV rights. Accordingly, jurisdiction cannot be upheld under Title I. Other cases have reached similar results. *See e. g., O'Doherty v. Brotherhood of Railway, Airline and Steamship Clerks, supra; Kempthorne v. United Transportation Union,* 457 F.2d 551 (7th Cir. 1972); *Sargent v. United Transportation Union,* 333 F.Supp. 956 (W.D.N.Y. 1971).

Having concluded that plaintiffs' complaint is governed by the provisions of Title IV, the court will now briefly describe the remedies available to plaintiffs under that title. Under the enforcement procedure of Title IV, a union member alleging a violation of Title IV or union laws may file a complaint with the Secretary after exhausting any internal union remedies. If, after investigation, the Secretary finds probable cause to believe that a violation has occurred, he shall institute a civil action to set aside the election and to have a new election conducted under his supervision. 29 U.S.C. § 482; *see Trbovich v. United Mine Workers of America,* 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). This is the exclusive remedy "for challenging an election already conducted . . . ." 29 U.S.C. § 483; *see Wirtz v. Local 153, Glass Bottle Blowers Association,* 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968).[2] After the plaintiffs followed this procedure in the case at bar, the Secretary declined to institute a civil action.

The decision of the Secretary not to institute a civil action is subject to judicial review pursuant to the Administrative Pro-

---

**2.** In *Trbovich v. United Mine Workers of America, supra*, the Supreme Court stated that Congress vested exclusive authority in the Secretary to institute judicial proceedings for the following two principal reasons: "(1) to protect unions from frivolous litigation and unnecessary judicial interference with their elections, and (2) to centralize in a single proceeding such litigation as might be warranted with respect to a single election." 404 U.S. at 532, 92 S.Ct. at 633. This procedure is in harmony with the general policy of Congress not to unnecessarily intervene in internal union affairs. *See e. g., Calhoon v. Harvey, supra.*

cedure Act, 5 U.S.C. § 701 *et seq.* The standard of review to be accorded the Secretary's decision is set forth in § 706(2)(A). *Dunlop v. Bachowski,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975). Under that section, a reviewing court shall only set aside agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A); *Dunlop v. Bachowski, supra.*

■ An examination of the "Statement of Reasons" provided by the Secretary in support of his decision not to institute a civil action in the instant case shows that the Secretary's decision is not subject to reversal under the standard set forth in § 706(2)(A). In making his decision, the Secretary reviewed the plaintiffs' complaint and the interpretation by the President of the International Union of the relevant provisions of the International constitution and District Council bylaws. In reviewing a union's interpretation of its internal laws, the Secretary will set aside such interpretation only if it is shown to be clearly unreasonable. After reviewing the interpretation of the relevant provisions by the president of the International Union, the Secretary concluded that such interpretation was not clearly unreasonable and that, therefore, it should be accepted. Under the interpretation by the President of the International Union, the relevant provisions of the constitution of the International Union and District Council bylaws do not render

defendant Pressley ineligible for office. As the Secretary found this interpretation acceptable, the plaintiffs' complaint was rejected. This court cannot conclude that the Secretary's decision to accept the interpretation given by the President of the International Union was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[3]

In *Dunlop v. Bachowski, supra,* the Supreme Court stated that: "When the district court determines that the Secretary's Statement of Reasons adequately demonstrates that his decision not to sue is not contrary to law, the complaining union members' suit fails and should be dismissed." 421 U.S. at 574, 95 S.Ct. at 1861. Accordingly, since this court has determined that the Secretary's decision not to institute a civil action in the case at bar was not contrary to law, plaintiffs' suit is hereby DISMISSED.

■ As plaintiffs' complaint has been dismissed, the court, in the exercise of its discretion, hereby DISMISSES the counterclaims asserted by the District Council and Pressley since they do not have an independent basis of jurisdiction. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Nilson v. City of Moss Point, Mississippi,* 621 F.2d 117 (5th Cir. 1980); *Harris v. Steinem,* 571 F.2d 119 (2d Cir. 1978); 3 *Moores Federal Practice* ¶ 13.15[1] at 13–382, 13–383 (2d Edition 1980). Also, as there has been an insufficient showing of bad faith on plain-

---

**3.** By letter dated October 18, 1979, the President of the International Union, Mr. William Sidell, upheld his interpretation made on a similar complaint filed by members of Local Union 225 in connection with defendant Pressley's election to office in 1977. President Sidell's interpretation is based on provisions of the District Council bylaws and International Union constitution which allows an officer to be a delegate by virtue of his office and to remain in office until a successor is elected. The President reasoned that the provision requiring District Council officers to be delegates from their local union does not mean that one necessarily has to be an elected delegate from his local union. It is President Sidell's position that one

can be a delegate from his local union by virtue of holding an elective office as well as being an elected delegate from his local union. Either type delegate would be eligible for office. President Sidell concluded that since Pressley had been an elected delegate from his local union at the time he was initially elected to District Council office, and since he remained a delegate by virtue of his office until a successor was elected, then he would remain eligible for election as long as his term was unbroken. The Secretary accepted President Sidell's reasoning as not being clearly unreasonable, and this court cannot say that the Secretary's decision is subject to being set aside.

tiffs' part in filing this complaint, the request for attorneys' fees is DENIED.