**CLEVELAND ORCHESTRA COMMIT-TEE et al., Plaintiffs,**

v.

**CLEVELAND FEDERATION OF MUSICIANS, LOCAL NO. 4, American Federation of Musicians, AFL–CIO, Defendant.**

**Civ. No. 36757.**

United States District Court
N. D. Ohio, E. D.

April 27, 1961.

Joseph E. Finley and Charles R. Miller, Rudd, Ober, Finley & Miller, Cleveland, Ohio, for plaintiffs.

Mortimer Riemer, Smoot & Riemer, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

Plaintiffs in this action are the Cleveland Orchestra Committee consisting of five symphony musicians employed by the management of the Cleveland Orchestra, the Musical Arts Association. The Committee is elected by a substantial number of Cleveland Orchestra musicians and it purports to act on their behalf.

This proceeding was brought by the plaintiffs on their own behalf, and on behalf of others similarly situated, under 29 U.S.C.A. §§ 411 and 412. Two causes of action are asserted, the first, and the main issue herein, being that the musicians of the Cleveland Orchestra, all of whom are members of Local 4 of the

Cleveland Federation of Musicians and of the American Federation of Musicians, have been discriminated against and are being denied equal rights by not being permitted to ratify or reject collective bargaining agreements executed on their behalf by the Executive Committee of Local 4 with their employer, the Musical Arts Association. The second cause of action alleges that Local 4 and its officers are interfering with the right of plaintiffs to bring legal action, by means of harassment, coercion and illegal disciplinary action, in violation of 29 U.S.C.A. § 411(a) (4), (5).

Defendant answered and filed a motion for judgment on the pleadings, or, in the alternative, for summary judgment. While the motions were pending plaintiffs filed a motion for a temporary restraining order representing that a long-term employment contract with the Musical Arts Association was about to be concluded by defendant on behalf of the musicians of the Cleveland Orchestra, and that they would suffer irreparable damage if such contract were executed before the conclusion of this litigation. On April 20, 1961, the Court issued a temporary restraining order *ex parte* and ordered that plaintiffs' motion for a preliminary injunction and defendant's motion for a judgment on the pleadings or summary judgment be heard on April 24, 1961. On that date counsel for all parties appeared, stipulated as to certain facts, and presented their arguments with respect to the pending motions. The only exhibit offered and received was plaintiffs' Exhibit 1, a booklet entitled "Wage Scale and Directory of the Cleveland Federation of Musicians, Local No. 4, 1959–1960."

The parties having submitted this case for ruling on the motions, along with certain agreed facts, the Court will consider defendant's motion as one for summary judgment.

The Court finds that there is no issue as to any material fact with respect to the issues raised by defendant's motion. The question to be decided is whether, on the basis of the second amended complaint and the facts not in issue, defendant is entitled to judgment as a matter of law.

29 U.S.C.A. § 411(a) (1) provides:

"*Equal rights.*—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and by-laws."

Plaintiffs' theory, briefly stated, is that all members of Local 4, including plaintiffs and the members of the Cleveland Orchestra whom they represent, have the right to ratify or reject the Local 4 Wage Scale (Plaintiffs' Ex. 1); whereas, collective bargaining contracts governing terms and conditions of employment (including minimum salary rates) between employers of musicians, including the Musical Arts Association, on a long-term or seasonal basis, are negotiated by the Executive Committee of Local 4 with no right of prior ratification or rejection being afforded either the members affected or the membership at large and that such practice amounts to a denial of equal rights to the members affected by such contracts, in violation of 29 U.S.C.A. § 411(a) (1).

The procedure whereby all members of Local 4 may vote to repeal or amend any part of the Constitution, By-Laws or Wage Scales is contained in Sections 20 and 21, Article XV, of the By-Laws of Local 4:

"Sec. 20. All changes in the wage scale except where otherwise specifically provided for, and excepting Symphony Orchestras by the season, shall be as follows: First reading in June, second reading in July; all changes made to take effect the September 1st following, and/or first reading in December, second reading in January; all

changes made to take effect the March 1st following. (For Resolution on first reading see Sec. 24.)

"Sec. 21. A majority vote of all members voting at a regular or special meeting shall be necessary to repeal or amend any part of the Constitution, By-Laws or Wage Scale of this Local No. 4. Due notice of the proposed repeal or amendment having been submitted in writing to the Local it shall be published as of first reading in accordance with Sec. 24. At the next regular meeting it shall be taken up and acted upon. No proposed amendment or repeal of By-Laws shall be acted upon until all members are duly notified of same by the Secretary-Treasurer."

"Wage Scale," referred to in the foregoing provisions, contains the principal conditions of employment for the members of Local 4 (Tr. 7). An examination of the current Wage Scale (Plaintiffs' Ex. 1) shows it to be a unilateral statement of the general terms and conditions of employment for members of Local 4. It is not a contract, but merely provides the basic minimum terms for individual contracts of employment which may subsequently be entered into by members of Local 4. On the other hand, the terms and conditions of employment of members of the Cleveland Orchestra by the Musical Arts Association are the subject of a collective bargaining agreement which in the past has been negotiated on behalf of the musicians by the officers of Local 4 (Tr. 4). This practice is in accord with the By-Laws of the American Federation of Musicians (a copy of which is attached to defendant's motion for judgment), Article 22, Section 4, which provides that:

"The home Local shall be the bargaining representative of the members of a symphony orchestra. Symphony players and/or Locals shall be free to make contracts with the management of symphony orchestras."

In their complaint, paragraph 8, plaintiffs contend that the denial of their alleged right to vote on terms and conditions of employment by the Musical Arts Association is "pursuant to Article XV, Section 20, of the By-Laws of defendant" but that section, as a part of Article XV, Rules of Order, deals only with the procedure for the reading of proposed changes in the Wage Scale and effective dates thereof "except where otherwise specifically provided." The exception with respect to "Symphony Orchestras by the season" is superfluous, and if those words had been omitted from the By-Law it would still, by its terms, be inapplicable to collective bargaining contracts because such contracts are not within the meaning of the term "Wage Scale" promulgated by the defendant. Moreover, the parties agreed that Sections 20 and 21 of Article XV do not apply to the employment of musicians by the season. (Tr. 3.)

In paragraph 9 of the second amended complaint plaintiffs allege that:

"Defendant's failure and refusal to allow those of its members who are employed as symphony musicians, as aforesaid, to vote on the business of defendant of negotiating and executing contracts of employment which apply to members of defendant, as aforesaid, is in violation of the rights of such members and of plaintiff Committee on behalf of such members under * * * 29 U.S.C.A., 411(a) (1)."

The foregoing paragraph clearly shows how plaintiffs have misconceived their action. It is conceded by Local 4 that it negotiates contracts with the Musical Arts Association without submitting them to its symphony musicians for ratification (Tr. 4). However, there is no provision in 29 U.S.C.A. § 411(a) (1), which requires that a labor union submit proposed agreements to its membership or any segment thereof for prior ratification or rejection. The statute does not require that members of a labor organization have the right

650

to vote on the business of negotiating and executing contracts of employment unless such negotiation and execution might become the business of a membership meeting.

Under the By-Laws of Local 4, no member is given the right to vote with respect to the acceptance or rejection of a contract of employment. All the By-Laws provide, as the plaintiffs must agree, is that the entire membership may ratify or reject proposed general wage scales as distinguished from employment contracts. The right to vote upon the acceptance or rejection of a collective bargaining agreement may be the subject of an amendment to the By-Laws under Section 21, Article XV.

Although these proceedings have been punctuated by accusations of discrimination, it would seem that we are really concerned only with ascertaining the rights of any person who, for any reason, finds himself in a minority or outvoted status. As to the rights and responsibilities of a union, its members, and a dissident segment thereof, see J. I. Case Co. v. N. L. R. B., 1944, 321 U.S. 332, 338, 339, 64 S.Ct. 576, 88 L. Ed. 762.

Section 411(a) (1) does not authorize the Court to promulgate by-laws or procedures for labor organizations. The statute merely authorizes the Court to render ineffectual by-laws or procedures which are inconsistent with the provisions of this section. The present tendency of the courts seems to be to refrain from interfering in a union's internal affairs and to respect its own procedural rules whenever possible.

■ The equal rights guaranteed by Section 411(a) (1) are limited to those specifically set forth therein. The statute was not intended or designed to require that labor unions, which are private organizations, submit to membership vote all matters upon which they are required to act, but only that all members be accorded equal rights to vote in elections and to participate in the deliberations and voting upon the business of membership meetings.

■ Upon consideration of the pleadings and the stipulated facts, the defendant's motion for summary judgment will be sustained as to the first cause of action, overruled as to the second cause of action, and the temporary restraining order will be dissolved.