493 F.2d 1061
 85 L.R.R.M. (BNA) 2890, 73 Lab.Cas. P 14,423
 Robert FRITSCH and Peter Rossiter, Plaintiffs-Appellants,
v.
DISTRICT COUNCIL NO. 9, BROTHERHOOD OF PAINTERS, DECORATORS
AND PAPER HANGERS OF AMERICA, et al.,
Defendants-Appellees, Isaac Schwartz et
al., Intervenors-Appellants.
Frank SCHONFELD, Individually and as Secretary-Treasurer of
District Council 9, International Brotherhood of
Painters & Allied Trades, AFL-CIO,
Plaintiff-Appellant,
v.
S. Frank RAFTERY, as President of the International
Brotherhood of Painters& Allied Trades, AFL-CIO,
et al., Defendants-Appellees, Isaac
Schwartz et al., Intervenors-Appellants.
 Nos. 541 to 545, Dockets 73-2198, 73-2205, 73-2207, 73-2208,
73-2210.
 United States Court of Appeals, Second Circuit.
 Argued Feb. 25, 1974.
Decided March 26, 1974.
 
 Basil R. Pollitt, Brooklyn, N.Y., for plaintiffs-appellants Fritsch and Rossiter.
 Julius S. Impellizzeri, New York City, for intervenors-appellants Isaac Schwartz and others, and plaintiff-appellant Frank Schonfeld.
 Stephen C. Vladeck, New York City (Vladeck, Elias, Vladeck & Lewis, New York City, David S. Barr, Barr & Peer, Washington, D.C., on the brief), for defendants-appellees S. Frank Raftery and Michael DiSilvestro.
 Before KAUFMAN, Chief Judge, and FEINBERG and MULLIGAN, Circuit judges.
 FEINBERG, Circuit Judge:
 
 
 1
 We are faced once again with an offshoot of the bitter conflict among various local painters' unions, District Council No. 9, and the International Brotherhood of Painters and Allied Trades, AFL-CIO.[1] Plaintiffs Robert Fritsch and Peter Rossiter are members of a local affiliated with defendant District Council. Plaintiff Frank Schonfeld is a member of another such local and, more importantly, was Secretary-Treasurer of the District Council at the time these complaints were filed against it and the International.[2] All three plaintiffs, supported by six individual intervenors, appeal from a decision of Judge Charles L. Brieant, Jr., after a non-jury trial in the United States District Court for the Southern District of New York, rejecting their claims under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. 401 et seq. For reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 Judge Brieant wrote a thorough opinion, D.C., 359 F.Supp. 380, which so well summarized the facts and prior history of these consolidated cases that we shall restate them only briefly, incorporating by reference the more detailed findings of the trial judge. Plaintiffs' complaints focus on the office of the Secretary-Treasurer of the District Council and his functions with regard to two sets of constitutent local unions, which the parties call 'painters" locals and 'autonomous' locals. Plaintiffs are all members of painters' locals. The Secretary-Treasurer performs a number of traditional duties for all of the constituent locals. For the painters' locals alone, however, he is intimately involved in the negotiation, administration and policing of collective bargaining agreements, functions handled for the autonomous locals by their own local officials. Nevertheless, the Secretary-Treasurer is elected by the vote of all the members of both types of locals.[3] Plaintiffs allege that this arrangement is a 'dilution' of the voting rights of the painters because the members of the autonomous locals may vote for the principal collective bargaining representative of the painters, while the latter have no reciprocal right to vote for the collective bargaining representatives of the autonomous locals. In the past, the painters' locals have attempted to change the powers and duties of the Secretary-Treasurer and to create a Painters' Section in the District Council by proposing by-law changes and an amendment to the International constitution. Such a Section would have given the painters' locals exclusive control over the negotiation and administration of their collective bargaining agreements. The painters' locals voted to approve the by-law changes but the International's General Executive Board ruled them inconsistent with the constitution. A convention of the International the same year approved this ruling and also rejected the proposed constitutional amendment. A later proposed by-law change to give greater autonomy to the painters was defeated in a District-wide referendum.
 
 
 3
 Plaintiffs argued to the district court, as they do to us, that the alleged dilution of their voting rights violates Title I of the LMRDA, 29 U.S.C. 411(a) (1), and that the rejection of the proposed Painters' Section by-law by the International was in bad faith and therefore illegal under both federal and state law. After a four-day trial, Judge Brieant rejected both contentions. Analyzing the judicial decisions interpreting the LMRDA, the judge held that plaintiffs' claim of dilution arose not under Title I, but under Title IV of the Act, 29 U.S.C. 481(e), and was therefore cognizable in the district court only at the instance of the Secretary of Labor. As to the rejection of the Painters' Section by-law, the judge found that the International had acted properly and in good faith.
 
 
 4
 On plaintiffs' principal claim, we hold that they did not prove a violation of Title I of the Act. As the Supreme Court held in Calhoon v. Harvey, 379 U.S. 134, 139, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), and as we emphasized in Schonfeld v. Penza, 477 F.2d 899, 902-903 (1973), the essence of Title I is the command not to discriminate against members and classes of members in their right to vote and nominate. As in Calhoon, 'the complaining union members here have not been discriminated against in any way and have been denied no privilege or right to vote or nominate which the union has granted to others.' 379 U.S. at 139, 85 S.Ct. at 295. Certainly, the plaintiffs here cannot claim, as did those in Acevedo v. Bookbinders Local 25, 196 F.Supp. 308 (S.D.N.Y.1961), and Hughes v. Bridge Ironworkers Local 11, 287 F.2d 810 (3d Cir.), cert. denied, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961), that they have been totally denied the right to vote for important union offices.[4] Nor is there a claim that the votes of some members count more than the votes of others in the election of the Secretary-Treasurer. Cf. Sargent v. United Transp. Union, 333 F.Supp. 956 (W.D.N.Y.1971) (relief, if any, for such a claim available only under Title IV). Plaintiffs' chief complaint is that the members of the autonomous locals should not be allowed to vote at all for the Secretary-Treasurer.[5] But it is at least doubtful whether the autonomous locals alone could be denied a vote for the Secretary-Treasurer so long as he continued to perform a number of duties for them as well as for the painters. This is not a case where 'members' are permitted by by-law or constitution to vote for an official who performs no functions for them. Cf. Clark v. Town of Greenburgh, 436 F.2d 770, 772 (2d Cir. 1971). We are not insensitive to the District Council's sorry history of suppression of dissent,[6] but, on the record before us, the voting scheme for Secretary-Treasurer does not now operate as an instrument of repression.[7] We conclude that the command of Title I does not require a district court to enforce the 'one-man-one-vote' rule in the sense urged here.[8] Cf. American Federation of Musicians v. Wittstein, 379 U.S. 171, 181-183, 85 S.Ct. 300, 13 L.Ed.2d 214 (1964); Gordon v. Laborers Int'l Union, 351 F.Supp. 824, 832-833 (W.D.Okl.1972).[9]
 
 
 5
 The true gravamen of plaintiffs' case appears to be a desire for redefinition of the powers and duties of the Secretary-Treasurer. As to that, the present union procedures for amendment do not appear to be unreasonable and 'intermeddling by the courts' would seem inappropriate. Gurton v. Arons, 339 F.2d 371, 375 (2d Cir. 1964). Assuming arguendo that it was proper for the district judge to reach the claim relating to the interpretation of the International constitution, we affirm on his opinion.
 
 
 6
 Judgment affirmed.
 
 
 
 [1]
 Some, but by no means all, of the related lawsuits involving these organizations are summarized in Schonfeld v. Penza, 477 F.2d 899, 901 n. 2 (2d Cir. 1973)
 
 
 [2]
 Also named as defendants were various officers and members of the District Council and the International
 
 
 [3]
 The membership of the painters' locals is approximately double that of the autonomous locals
 
 
 [4]
 In Acevedo, even 'Class B' union members who were denied the right to vote for local president, first vice-president and secretary-treasurer were held to have a claim cognizable only under Title IV since the challenged election had already taken place. 196 F.Supp. at 314. Of course, we do not pass upon the correctness of the Acevedo holding at this time
 
 
 [5]
 Several judges of the district court have considered this argument and have reached different conclusions. In 1964, Judge Sugarman dismissed a complaint making similar attacks on the voting scheme for Secretary-Treasurer. Schonfeld v. Caputo, 49 Labor Cases P19,078 at 31,765 (S.D.N.Y.). Partly on the basis of this decision, Judge Frankel denied a motion, by plaintiffs Fritsch and Rossiter at an earlier stage of their case, for a preliminary injunction against the 1967 election for Secretary-Treasurer. 66 L.R.R.M. 2366. On the other hand, Judge Lasker denied a pre-trial motion to dismiss Schonfeld's complaint, holding that the complaint alleged a direct attack upon voting rights guaranteed to the painters by Title I. Schonfeld v. Raftery, 335 F.Supp. 846, 850-851 (D.C.1971), relying upon Navarro v. Gannon, 385 F.2d 512, 520 (2d Cir. 1967), cert. denied, 390 U.S. 989, 88 S.Ct. 1184, 19 L.Ed.2d 1294 (1968). For the reasons stated in text, we hold that the attack on plaintiffs' voting rights is in fact far from direct; we also note that the Title I claim in Navarro was upheld not because of the threat to the voting rights of the union members but because of the invasion of their right of free discussion. 385 F.2d at 520
 
 
 [6]
 See, e.g., Schonfeld v. Penza, 477 F.2d 899, 904 (2d Cir. 1973); Schonfeld v. Raftery, 381 F.2d 446 (2d Cir.) (per curiam), aff'g, 271 F.Supp. 128 (S.D.N.Y.1967); Salzhandler v. Caputo, 316 F.2d 445 (2d Cir.), cert. denied, 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 (1963)
 
 
 [7]
 Plaintiff Schonfeld, an indefatigable opponent of the union leadership, was himself elected Secretary-Treasurer in 1967 and again in 1970 under the challenged voting scheme. He was defeated in 1973, but we are informed that he would have lost even if the votes of members of the autonomous locals had not been taken into account
 
 
 [8]
 Nor do we find any basis in Title I for accepting an alternative, and rather theoretical, formulation of plaintiffs' complaints and granting the painters the right to vote for the collective bargaining agents of the autonomous locals. These agents, for all that appears, perform no duties whatsoever for the painters
 
 
 [9]
 Although plaintiffs disclaim any intention to assert Title IV rights, the district court indicated that they might well have a meritorious claim under that title. We need not decide that question