Patrick P. ELLIS, Plaintiff,

v.

The CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL–CIO, Defendant.

No. 95–CV–1358.

United States District Court, N.D. New York.

Feb. 2, 1996.

bination of such factors, rather than true bad faith.

Office of Joseph P. Carey, Fishkill, New York, For Plaintiff; Joseph P. Carey, of counsel.

Civil Service Employees Ass'n, Inc., Albany, New York, For Defendant; Nancy B. Hoffman, of counsel.

McAVOY, Chief Judge.

## MEMORANDUM, DECISION, & ORDER

Plaintiff Patrick P. Ellis, a self-described "dissident" member of defendant **Civil Service Employees Association ("CSEA")**, brought suit against the union for alleged violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411 ("LMRDA"), seeking declaratory and injunctive relief. Defendant filed a motion to dismiss the amended complaint for failure to state a claim and an amended motion to dismiss for lack of standing. Plaintiff cross-moved for a preliminary injunction and a consolidated hearing.

## I. Background

The American Federation of State, County, and Municipal Employees, AFL–CIO ("AFSCME") organization contains three levels: an international union, councils, and local unions. (Weinberg Aff. ¶ 5 & Ex. 2.) In 1993, AFSCME consisted of fifty-nine chartered councils, five unchartered councils, 3,465 chartered local unions, 72 unaffiliated local unions, and a retiree chapter. (Am. Compl. ¶ 7; Weinberg Ex. 2.)

### A. Affiliation Agreement

Pursuant to a 1978 trial affiliation agreement (the "Agreement"), AFSCME chartered defendant as a local union. (Weinberg Aff. ¶ 9 & Exs. 3, 5.) A 1980 addendum to the Agreement (the "Addendum") rendered defendant's affiliation with AFSCME permanent. (*Id.* at ¶ 11 & Ex. 4.) Despite its local charter and its "Local 1000" label, defendant appears to function as a council. (*Id.* at ¶ 9; Am Compl. ¶ 9.)

Plaintiff claims that the Agreement and Addendum violate Article IX, section 2 of the AFSCME Constitution because they create a *de facto* council status for defendant, even though defendant does not govern any autonomous AFSCME chartered local unions. (Am.Compl. ¶ 18.) Defendant counters that as defendant and AFSCME entered the Agreement eighteen years ago and adopted the Addendum sixteen years ago, plaintiff's attempt to challenge their validity is time-barred. (D's Reply to P's Opp. to D's Mtn., at 9–10.) Plaintiff also alleges that defendant's *de facto* council status violates its members' equal rights, as guaranteed by 29 U.S.C. § 411(a)(1).

### B. Dues

Pursuant to the LMRDA, local labor organizations may only increase members' dues by a majority vote of their members in good standing. 29 U.S.C. § 411(a)(3)(A). Labor

organizations other than local labor organizations, however, may increase members' dues by a majority vote of delegates at a convention. 29 U.S.C. § 411(a)(3)(B). Plaintiff alleges that on October 25, 1995, at its Annual Delegate Convention, defendant proposed an amendment to its by-laws increasing members' dues and the per capita tax owed to AFSCME. A majority of the delegates voted in favor of the by-law amendment. (Am. Compl. ¶ 15.) Plaintiff claims that this vote violated § 411(a)(3) of the LMRDA because defendant is a "local" labor organization. Defendant counters that the procedure it utilized to raise its members' dues comported with the LMRDA because defendant is an "intermediate body" rather than a local labor organization. In its amended motion to dismiss, defendant also argues that plaintiff lacks standing to sue defendant over the way in which it increased its members' dues.

Plaintiff seeks a judgment declaring that the Agreement between defendant and AFSCME and its Addendum violate AFSCME's constitution, that defendant must operate as a local union unless and until it obtains legitimate council status by following the course prescribed in the AFSCME Constitution for doing so, and that its *de facto* council status violates its members' statutorily-guaranteed equal rights. He also seeks an order enjoining defendant from enforcing the Agreement, from effectuating the by-law amendment approved at the October 25 Delegate Convention, and from increasing or attempting to increase members' dues in any manner other than that specified in § 411(a)(3)(A) of the LMRDA.

## II. Discussion

The Court will address defendant's motion to dismiss before considering plaintiff's motion for a preliminary injunction.

### A. Motion to Dismiss

#### 1. Legal Standard

 Defendant moves pursuant to Fed. R.Civ.Pro. 12(b)(6) to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. For purposes of the 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plain-

tiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court will only grant the motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

#### 2. Agreement and Addendum

 To the extent that plaintiff's complaint challenges the propriety of the Agreement AFSCME and defendant entered in 1978 and the 1980 Addendum to that Agreement, plaintiff's claim is time-barred. Federal courts apply to LMRDA claims the statute of limitations that a state court within the federal court's district would apply to the most closely analogous state-law claims. *Rodonich v. House Wreckers Union Local 95,* 817 F.2d 967, 977 (2d Cir.1987). The *Rodonich* court went on to hold that union democracy claims brought under the LMRDA should be subject to the relevant state's statute of limitations for personal injury actions. *Id.* at 977; *see also Gilmore v. Local 295,* 798 F.Supp. 1030, 1040 (S.D.N.Y.1992) (stating that union violations of rights guaranteed by LMRDA are governed by applicable state statute of limitations for personal injury actions). New York's statute of limitations for personal injury actions is three years. N.Y.Civ.Prac.L. & R. § 214(5) (McKinney 1990). This statute of limitations renders plaintiff's claims concerning the legality of the Agreement and Addendum time-barred. The Court would reach the same result even if it applied New York's six-year residuary statute of limitations. *Id.* § 213(1). Applying either New York statute of limitations, plaintiff has failed to state a LMRDA claim with respect to the validity of the Agreement and Addendum.

 Plaintiff also argues that by virtue of the fact that pursuant to the Agreement and Addendum, defendant operates as a council rather than as a local union, defendant violates its members' equal rights under 29 U.S.C. § 411(a)(1). Detached from an allegation of specific conduct, plaintiff's assertion that defendant's mere status violates

§ 411(a) rights is too ambiguous to state a claim on which the Court can grant relief.

### 3. By–Law Amendment

With respect to the issue of whether defendant increased its members' dues legally, the Court must first determine whether plaintiff has standing to bring his claim.

#### a. Standing

■ Pursuant to 29 U.S.C. § 412, LMRDA's enforcement provision, "Any person whose rights are secured by the provisions of this title have been infringed by any violation of this title may bring a civil action. . . ." Defendant argues that plaintiff lacks standing to challenge the method defendant utilized to increase its members' dues because a union member may only sue a union to vindicate his own rights and because the dues increase had no effect on plaintiff's dues.

■ Defendant's point that union members lack standing to enforce the rights of other union members is well-taken. *See Mamula v. United Steelworkers*, 304 F.2d 108, 113 (3d Cir.1962), *cert. denied*, 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63 (1962); *Johnson v. Stevenson*, 170 F.2d 108 (5th Cir.1948), *cert. denied*, 336 U.S. 904, 69 S.Ct. 491, 93 L.Ed. 1069 (1949); *see also McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) (holding that individual lacks standing to litigate rights of another). To the extent that plaintiff has asserted claims against defendant on behalf of his fellow union members, he has failed to state claims on which the Court can grant relief.

In its second standing argument, defendant contends that plaintiff is unaffected by the by-law amendment because he earns roughly $22,000 a year, whereas the by-law amendment only increases the dues of members who earn over $28,000 a year. (Stack Aff. ¶ 22.) If that were true, plaintiff would lack standing to bring a § 411(a)(3) challenge against the delegates' vote on the by-law amendment. Section 411(a)(3) guarantees the rights of local union members not to have their local union dues increased without a majority vote by the membership.

The preliminary statement of plaintiff's amended complaint contains his response. There, plaintiff states that defendant's amended by-law increases his dues, along with all of its other members' dues. For purposes of deciding defendant's 12(b)(6) dismissal motion, the Court must accept this statement as true. Thus, plaintiff has alleged that defendant's dues increase caused him a remediable injury in fact, which gives him standing to assert a claim against defendant for violating 29 U.S.C. § 411(a)(3). Plaintiff also claims that defendant's procedure for amending its dues by-law violated his statutorily-guaranteed equal rights. For this cause of action, based upon 29 U.S.C. § 411(a)(1) rather than § 411(a)(3)(A), plaintiff has again alleged an injury in fact sufficient to give him standing.

#### b. 29 U.S.C. § 411(a)(1)

■ Section 411(a)(1) of the LMRDA, entitled "Equal Rights," reads as follows:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

Even though plaintiff has standing to assert a § 411(a)(1) claim against defendant for its alleged violation thereof, plaintiff has failed to state a claim. The core of the statute's equal rights provision is the prevention of discrimination against union members and classes of union members. *Calhoon v. Harvey*, 379 U.S. 134, 139, 85 S.Ct. 292, 295–96, 13 L.Ed.2d 190 (1964) (holding that district court lacked jurisdiction to hear § 411(a)(1) claim because "the complaining union members . . . have not been discriminated against in any way and have been denied no privilege or right to vote or nominate which the union has granted to others"); *Fritsch v. District Council No. 9*, 493 F.2d 1061, 1063 (2d Cir. 1974) (stating that "essence" of equal rights provision is "the command not to discriminate against members and classes of members in their right to vote and nominate")

(citing *Calhoon* ); *Gurton v. Arons,* 339 F.2d 371, 374 (2d Cir.1964) ("As long as no claim is made that provisions of the [union's] constitution and by-laws are being applied in such a way as to deny equality in voting, there is nothing in Section [411] which authorizes consideration of these documents."); *see also Smith v. United Mine Workers of America,* 493 F.2d 1241, 1244 (10th Cir.1974) (stating that absent claim of discrimination, district court lacks jurisdiction over 411(a)(1) claim); *Keck v. Employees Independent Ass'n.,* 387 F.Supp. 241, 247 (E.D.Pa.1974) (holding that even if union division violated union's constitution and by-laws by refusing to submit to membership vote a proposed constitutional amendment, plaintiffs have no cause of action under § 411(a)(1) because they failed to allege that members or classes were discriminated against with respect to their right to vote in elections or referendums.)

■■■ Plaintiff has failed to allege that the method defendant used to amend its by-laws discriminated against him within his labor organization by denying him an equal right to nominate candidates, vote in elections or referendums, attend membership meetings, or participate in deliberations or voting upon the business discussed there. It appears that each of defendant's constituent locals[1] elected a delegate to attend the annual delegates' convention and vote on a number of issues, including the proposal to increase membership dues by amending defendant's by-laws. Plaintiff does not assert that defendant discriminated against him or his local by, for example, ignoring his delegate during the convention or counting that delegate's vote for less than other delegates' votes. *See Fritsch,* 493 F.2d at 1063. Section § 411(a)(1) does not give union members the right to vote on every union decision. *Cleveland Orch. Comm. v. Cleveland Fed. of Musicians,* 193 F.Supp. 647, 650 (N.D.Oh., E.D.1961), *aff'd,* 303 F.2d 229 (6th Cir.1962).

Plaintiff argues that defendant is a local union, rather than an "intermediate body." If that is true, then defendant arguably used a statutorily forbidden procedure for amend-

ing its dues by-law. However, assuming *arguendo* that defendant violated § 411(a)(3) by increasing its dues at a delegates' convention, it does not necessarily follow that defendant's procedure discriminated against a union member or class of union members in violation of § 411(a)(1). Plaintiff claims neither that defendant strayed from the statutory prescriptions concerning delegate voting nor that those prescriptions conflict with the equal rights guarantees of § 411(a)(1). Although a local labor organization would arguably violate § 411(a)(3)(A) by permitting delegates to enact a dues increase proposal rather than putting the proposal to a vote of members in good standing, the Court is not prepared to hold that a violation of § 411(a)(3)(A) constitutes a *per se* violation of § 411(a)(1).

### c. 29 U.S.C. § 411(a)(3)

The Court now turns to issue of whether plaintiff has stated a claim under § 411(a)(3) on which relief can be granted. Plaintiff has alleged that despite its *de facto* council status, defendant remains a local labor organization and as such, it violated his right not to have his membership dues increased in a manner other than that specified in § 411(a)(3)(A).

### 1. Conversion

Pursuant to Fed.R.Civ.Pro. 12(b), if "matters outside the pleading are presented to and not excluded by the court," the Court must convert defendant's 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. The parties broached the conversion issue by referring to matters outside of the pleadings—such as defendant's charter, constitution, and bylaws—and by submitting numerous affidavits and exhibits in support of their respective positions, none of which the Court has excluded and much of which appears likely to facilitate the disposition of this action. *See Grand Union Co. v. Cord Meyer Dev. Corp.,* 735 F.2d 714, 716–17 (2d Cir.1984) (stating that district court should have converted motion after parties submitted supportive affidavits that court accepted and did not appear to exclude from consider-

---

1. To preserve the internal consistency of his argument that defendant is a local labor organiza-

tion, plaintiff refers to these subordinate labor organizations as "sub-locals."

ation); *Moscowitz v. Brown,* 850 F.Supp. 1185, 1191 (S.D.N.Y.1994) (treating motion to dismiss as motion for summary judgment because parties offered "matters outside the pleading" that court did not exclude); *Morris v. Gilbert,* 649 F.Supp. 1491, 1494 (E.D.N.Y. 1986) (exercising discretion to exclude from consideration matters outside the pleading, maintain motion as one for dismissal, and grant defendant leave to file motion for summary judgment, on ground of judicial economy). The Court will thus convert defendant's motion to dismiss into a motion for summary judgment.

■ In order to prevent surprise, Rule 12(b) next instructs courts to give the parties a "reasonable opportunity to present all material made pertinent" to a summary judgment motion by Rule 56. The Court need not provide formal notice to the parties, however, where, as here, it has already accepted from both sides materials other than pleadings. *Gojette v. DCA Advertising Inc.,* 830 F.Supp. 737, 741 (S.D.N.Y.1993) (stating in dicta that "party cannot complain of lack of a reasonable opportunity to file relevant materials if both sides have already filed with the Court affidavits, depositions, or other evidence admissible at trial").

### 2. Summary Judgment Standard

■ Under Fed.R.Civ.Pro. 56(c), if there is "no genuine issue as to any material fact ... the moving party is entitled to a judgment as a matter of law ... where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *on remand,* 807 F.2d 44 (3d Cir.1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). The burden to demonstrate that no

genuine issue of material fact exists falls solely on the moving party, *Heyman v. Commerce and Indus. Ins. Co.,* 524 F.2d 1317 (2d Cir.1975), and the trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought. *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985) *cert. denied* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

### 3. Local and Intermediate Labor Organizations

■ The LMRDA defines neither "local labor organization" nor "intermediate labor organization." Therefore, the Court must construe these terms "in light of their ordinary meaning, congressional purpose, and the deference accorded to the Secretary[ of Labor's] construction of the Act." *Donovan v. National Transient Div.,* 736 F.2d 618, 622 (10th Cir.1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 781, 83 L.Ed.2d 776 (1985). At least for purposes of 29 U.S.C. § 481, entitled "Terms of Office and Election Procedures," the Secretary of Labor determines whether to characterize "a particular organizational unit as a 'local,' 'intermediate,' etc.," by reference to "its functions and purposes rather than the formal title by which it is known or how it classifies itself." 29 C.F.R. § 452.11. Not surprisingly, defendant urges the Secretary's interpretation upon the Court.

Although the Secretary's recommended method for distinguishing between locals and intermediates applies most readily to the election provisions of § 481, the Court sees no reason to refrain from applying it to the voting provisions of § 411(a)(3). Indeed, plaintiff has indicated his agreement that the Secretary's interpretation should control.[2]

---

**2.** Plaintiff also argues that 29 C.F.R. § 451.4(e) bears on the classification issue. This section, entitled "Local or subordinate bodies which have been chartered by a labor organization," provides that:

> [t]his category includes any labor organization that has been chartered by an organization [certified as an employee representative or by a "local, national, or international organization[] which, though not formally certified, [is] recognized or acting as the representatives of

employees"] as the local or subordinate body through which such employees may enjoy membership or become affiliated with the chartering organization.

At best, this regulation is irrelevant to the question of how to differentiate between local and intermediate labor organizations. At worst, it confuses the issue by suggesting an equivalency between local and subordinate bodies. Contrary to plaintiff's suggestion, § 451.4(e) does not equate "locals" and "subordinates"; it merely

(P's Mem.Supp.Mtn.Prelim.Inj., at 5–7.) In addition, the Secretary's distinction appears reasonable and comports with the language of the Act, which clearly contemplates some meaningful difference between locals and intermediates. *See, e.g.* §§ 411(a)(3)(A), (B); 481(b), (d). In deference to the Secretary's interpretation of the statute, the Court will consider whether plaintiff has raised a genuine issue with respect to the material fact of whether defendant's functions and purposes reveal it to be a local rather than an intermediate labor organization for purposes of § 411(a)(3).

### 4. Plaintiff's Argument

 Plaintiff argues that defendant is a local labor organization for three main reasons. First, plaintiff claims that defendant lost its standing as a "parent" union when it affiliated with AFSCME in 1978, received its AFSCME local charter, and became a " 'subordinate body' and an affiliated Local Union of AFSCME", (P's Mem.Supp.Prelim.Inj. at 4; Ellis Aff. ¶ 5), rather than a council. Whatever defendant's functions and purposes were twenty years ago, they have little bearing on defendant's current functions and purposes, about which the Court is far more concerned. It is certainly conceivable that a labor organization originally conceived and chartered as an AFSCME local might develop over time into a much larger organization that shares the same purposes as, and performs the same functions as, a chartered council.[3] Perhaps such a labor organization would apply for a new charter more reflective of its nature as a council and adopt a constitution and by-laws more appropriate to its changed status. The fact that this hypothetical labor organization began its existence as a local would be irrelevant to the issue of whether its functions and purposes were those of a council.

Second, plaintiff claims that defendant's approximately 300 "sub-locals" have not re-

acknowledges that larger labor organizations charter subordinate organizations, none, some, or all of which may be local labor organizations. The succeeding regulation, 29 C.F.R. § 451.4(f), buttresses this interpretation. Section 451.4(f) categorizes as "intermediate bodies" conferences, general committees, joint or system boards, and joint councils that are "subordinate

ceived charters from either defendant or AFSCME. Furthermore, he contends that defendant's "sub-locals" are merely "administrative arms" of defendant; unlike "autonomous" local unions, they lack power to collect dues, discipline their members, negotiate and administer labor contracts, acquire from other sources services defendant provides, or incur debt without defendant's approval. According to plaintiff, these observations are important because they demonstrate that the nature of defendant's "sub-locals" and defendant's relationship with them conflict with the AFSCME's constitution's description of what locals and councils are and what they do.

Plaintiff refers the Court to Article IX, §§ 1–10 of the AFSCME constitution, pertaining to local unions, as well as §§ 19–23, pertaining to councils. (*See* Am.Compl. ¶¶ 11–12; Weinberg Aff. Ex. 1, at 67–74; Ellis Aff.Ex. 2, at 81–83.) Defendant's degree of adherence to the provisions in AFSCME's constitution regarding councils and locals is only minimally relevant to the issue at hand. Whether defendant operates in compliance with the AFSCME constitution is a question distinct from whether defendant functions as an intermediate body within the meaning of the LMRDA. To the extent, however, that compliance with the AFSCME constitution indicates a labor organization's status, defendant's functions and purposes appear consistent with those of an AFSCME council. Like an AFSCME council, defendant governs and supervises subordinate organizational units—what defendant calls "locals" and plaintiff calls "sub-locals". (*See* AFSCME Constitution Art. IX § 22; CSEA Const. Arts. V, VI, VII, VIII, IX, X; Donohue Aff. ¶¶ 74–85; D's Mem.Opp. P's Mtn. and Supp. D's Mtn., at 14.) *See Donovan,* 736 F.2d at 623. Plaintiff's litany of complaints concerning how powerless defendant's locals are relative to defendant and relative

to a national or international labor organization." Read together, both regulations merely contemplate the creation of subordinate labor organizations, be they "local" or "intermediate."

**3.** The parties do not dispute that AFSCME's councils constitute "intermediate bodies" for purposes of the LMRDA.

to other locals within AFSCME (more of which appear in plaintiff's Supplemental Memorandum of Law at 6–12), along with the locals' alleged lack of AFSCME or CSEA charters, has little bearing on defendant's functions or purposes.

■ Third, plaintiff argues that under 29 C.F.R. § 451.4(e), defendant became a "subordinate body" when it affiliated with AFSCME and as such, must comply with § 411(a)(3)(A) rather than with § 411(a)(3)(B). As the Court earlier discussed in footnote two, 29 C.F.R. § 451.4(e)–(f) indicate that parent labor organizations may exert control over a variety of "subordinates," including locals and intermediates. The mere fact that one labor organization is subordinate to another does not necessarily mean that the first organization is a local for LMRDA purposes. If it were, § 411(a)(3)(B) would apply only to national and international labor organizations and federations thereof, despite its apparent application to "labor organizations . . . other than [ ] local" as well. Plaintiff's reading of "subordinate" in 29 C.F.R. § 451.4(e) would divide the world of labor organizations into two realms, national and local, and consign all "subordinate" labor organizations to local status. Because of their "subordinate" status, what the statute and regulations now recognize as intermediate bodies (see, e.g., 29 U.S.C. § 481(d); 29 C.F.R. § 451.4(f)), would have to comply with the rules for locals set out in 411(a)(3)(A). The Court rejects plaintiff's unrealistic, unsupported, and self-serving interpretation of the C.F.R.

### 5. Defendant's Argument

Defendant has marshaled facts and law to demonstrate that its functions and purposes are closely aligned with those of intermediate labor organizations. (See D's Mem.Opp. P's Mtn. and Supp. D's Mtn., at 5–16; Donohue Aff. ¶¶ 8, 14–15, 41–46, 49 72–86; Weinberg Aff. ¶ 9.) Most importantly, defendant supervises 377 subordinate private and public sector locals comprising 1,1014 units, many of which administer collective bargaining agreements and handle the initial stages of grievances. Together, defendant and its locals and units are parties to collective bargaining agreements with over 900 different employers. Unlike local labor organizations, defendant holds delegates' meetings, but does not hold membership meetings. For some or all of these reasons, among others, the Department of Labor refers to defendant as an intermediate labor organization. (See, e.g., Hoffman Aff.Ex. B., ¶ IV.) The need to delve further into defendant's functions and purposes is obviated by plaintiff's numerous admissions that defendant functions as an intermediate labor organization. (See Am. Compl. ¶¶ 18, 19, 24; P's Supp.Mem.Supp. P's Mtn. and Opp. D's Mtn., at 5; 16–17.)

### III. Conclusion

There is no real dispute that defendant functions as an intermediate labor organization and has purposes similar to those of an intermediate. Applying the Secretary of Labor's test for distinguishing between locals and intermediates, therefore, plaintiff has failed to raise a genuine issue with respect to the material fact of whether defendant qualifies as anything other than an intermediate labor organization for purposes of § 411(a)(3)(A). His underlying claim, to which he devotes sizeable portions of his amended complaint, affidavits, and memoranda of law, is that defendant improperly achieved its status as an intermediate labor organization. Whether defendant achieved its intermediate status, operates as an intermediate labor organization, or manages its locals in violation of AFSCME's or defendant's constitution and bylaws is not for this Court to decide. These are matters for the locals, defendant, and AFSCME to settle for themselves. Gurton, 339 F.2d at 375 (stating that "[t]he provisions of the L.M.R.D.A. were not intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions," and reflecting judicial policy of leaving administration of union affairs to elected union officials, "except in the very limited instances expressly provided by the Act"); see also Nienaber v. Ohio Valley Carpenters Dist. Council, 652 F.2d 1284, 1286 (6th Cir.1981) (stating that § 411's equal rights provision "was not designed to grant federal courts 'jurisdiction to enforce union constitutions and by-laws

across the board' ") (citing *Bunz v. Moving Picture Mach. Operators' Protective Union,* 567 F.2d 1117, 1121 n. 17 (D.C.Cir.1977)). If they cannot agree, then perhaps plaintiff can bring an action in state court, but as long as defendant has not violated its members' federal statutory rights, the Court has no role to play in settling the parties' dispute over internal union affairs.

**IT IS HEREBY ORDERED THAT**

Defendant's motion to dismiss plaintiff's § 411(a)(1) claim is GRANTED;

Defendant's motion for summary judgment with respect to plaintiff's § 411(a)(3) claim is GRANTED;

Plaintiff's motions for a preliminary injunction and consolidation are DENIED.

**IT IS SO ORDERED.**